## MURRAY and WINTER *against* FINSTER.

Where the defendant purchased part of a trust estate, with notice of the pendency of a suit against the trustee for a breach of trust, and of an injunction, he was decreed to pay the consideration money, with interest, to the plaintiff, for the use of the *cestui que trusts,* or to convey in fee the land purchased to and for the same trusts.

The defendant must deny all notice, even though it is not charged, otherwise he will not be deemed a *bona fide* purchaser.

Where land was held in trust for *G.* for life, with power to her to dispose of the same among her children, a son of *G.* was held a competent witness for the plaintiff, in a suit to recover part of the trust estate sold in violation of the trust.

THE plaintiff *Winter* was a trustee of certain lands in *August* 13th. *Cosby's* manor, and other tracts, to and for *Patrick Heatley,* the owner, who has since released the estates to *Temperance Green.* A bill was filed, in 1809, against *Winter* for a breach of trust, and an injunction issued to prevent his selling or disposing of the trust property, or the proceeds thereof; and, by a subsequent order of the Court, he was superseded in the further execution of the trust, and the plaintiff *Murray* was appointed, in his stead, a receiver on the said estates, and authorized to use the name of *Winter* in any suits concerning the same.

In *February,* 1810, after *Winter* had been served with the injunction, and while the suit was in full prosecution; and though, by the deed of trust, *Winter* was not authorized to sell any part of the said estates, without the previous consent of *Nathaniel Pendleton, Robert Murray,* and *Comfort* *Sands,* yet, as the bill stated, he did, in 1812, contract to [ * 156 ] sell to the defendant 39 acres of land, in lot No. 45, in *Cosby's* manor, at 18 dollars per acre. Previous to the contract, and before payment of the purchase money, the defendant was informed, by the agent of the owner, of the pendency of the suit against *Winter,* for a breach of trust, and of the injunction. Afterwards, in 1813, *Murray,* the plaintiff, informed the defendant of his being appointed, in the place of *Winter,* to manage the trust estate, and showed the order for the purpose. The plaintiffs alleged, that the sale by *Winter* to the defendant was for these causes, collusive and void, or, if the same was to be carried into effect, they were entitled to receive the purchase money from the defendant.

The defendant put in a plea and answer. The plea stated, that on the 17th *May,* 1809, the defendant contracted with *Winter* to purchase the land; and that on the 29th *July,* 1809, *Winter* being, or pretending to be, seised in fee

1816.

MURRAY
v.
FINSTER.

of the premises, conveyed the same to the defendant, by deed, with a covenant of warranty, for the consideration of 703 dollars; and the defendant averred, that he paid the whole consideration money to *Winter*.

The defendant, in his *answer*, admitted the orders of the Court, and that he had several conversations with the plaintiff *Murray*, and *Henry Green*, the agent on the estates, relative to the premises; but which conversations he could not particularly recollect, except that in 1813, *Murray* informed him of his being appointed to manage the estates instead of *Winter*, and cautioned him from paying any more money to *Winter*, when the defendant told him he had already paid the money to *Winter*.

The defendant also admitted that an injunction was issued as stated in the bill, but he was advised, that as the same was issued by a master's order, dated 11th *October*, 1813, and was not confirmed according to the rules of Court, the same was dissolved, of course.

[ * 157 ]

*Henry Green*, the agent of the owner, who was examined as a witness for the plaintiff, stated, that in the spring or summer of the year 1810, the defendant told him that he had a conversation with *Winter* about buying the land, but hearing there was a dispute, he had dropped the negotiation. The witness warned him not to pay any money to *Winter*, and the defendant said he had not paid him, but had lent money. The witness gave the defendant notice of the suit then pending in this Court. Another witness testified, that he heard the defendant say, that he bought the premises in 1809, and paid for them in 1812; having given a bond and mortgage to secure the purchase money.

An exception was taken, on the part of the defendant, to the competency of *Henry Green* as a witness; the estates being held in trust for his mother, with a power to her to dispose of the same among her children.

*Gold*, for the plaintiffs.

*N. Williams*, for the defendant.

THE CHANCELLOR. Neither the plea nor answer deny notice of the pendency of the suit, and of the claim of Mrs. *Green*, prior to the payment to *Winter* of the purchase money. The denial of notice was essential to the validity of the defence. (1 *Johns. Ch. Rep.* 302. 575.) But here is positive proof of notice prior to the payment of the money. The money was paid in 1812, and the defendant was duly warned long before. I have considered *Henry Green* as a competent witness. He has no direct or certain interest in the

suit. The estate is in his mother, and under her control, and subject to her disposition, in respect to her children. The fact of notice prior to the payment of the purchase money being clearly established, the defendant paid the money to *Winter* in his own wrong. It was in fraud of the rights of *the *cestui que trusts*, and destroys the goodness of his defence. (1 *Johns. Ch. Rep.* 301. and the cases there cited.)

I shall, accordingly, decree, that the defendant, within 40 days from the service of a copy of this decree, pay to the solicitor, for the plaintiffs, or bring into Court, the sum of 703 dollars, with interest from the 29th of *July*, 1809, unless he shall, within that time, elect to convey in fee the premises in the pleadings mentioned, to *Mary Green* and *Henry Green*, to be held by them in trust; and that in either case he pay the costs of this suit. (*a*)

(*a*) See *Green* v. *Winter*, vol. 1. p. 26—44. 60.