WILLIAM A. WHEELOCK, Respondent, *v.* MICHAEL NOONAN, Appellant.

One who would justify under a license must bring his acts within its terms.

While ordinarily courts of equity will not wield their power merely to redress a trespass, they will do so where the trespass is a continuing one, and the legal remedy will involve a multiplicity of suits.

Plaintiff gave to defendant a parol license to place upon certain unoccupied lots of his in the city of New York a few rocks, under the defendant's assurance that he would remove them in the spring following; no consideration was paid or promised. During the winter and in the absence and without the knowledge of plaintiff, defendant covered six of the lots with heavy boulders to the height of from fourteen to eighteen feet. In the spring plaintiff, discovering what had been done, directed defendant to remove the rocks. In an action to compel him so to do *held*, that the original permission given did not justify defendant's action, and after its withdrawal and the demand for removal he was a trespasser; that the trespass was continuing one and plaintiff was entitled to the equitable relief sought.

Also, *held*, the general rule that a court of equity will act in cases of alleged trespass only after the plaintiff's right has been established at law, did not apply.

*It seems* said rule is more one of discretion than of jurisdiction.

*It seems* that in order to present the defense that the equitable relief was. improper as there was an adequate remedy at law, it was not essential that it should have been set up in the answer, when it could be fairly .deduced from the facts stated in the complaint.

(Argued December 16, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 6, 1886, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.. (Reported below, 21 J. & S. 286.)

This action was brought to compel defendant to remove from certain lots belonging to plaintiff, situate in the city of New York, a quantity of rocks or boulders placed thereon by defendant.

The material facts are stated in the opinion.

*L. Laflin Kellogg* for appellant. A court of equity has no power to grant an injunction in this case for the reason that the damages suffered by the plaintiff can be adequately measured at law. (High on Injunction (ed. 1880), 228 ;· *Coe* v. *Columbus P. & I. R. Co.*, 10 Ohio, 372 ; *Coughran* v. *Swift*, 18 Ill. 414·; *Winkler* v. *Winkler*, 40 id. 179 ; *Piage* v. *Bell*, 3 Rand. 586 ; *Akrell* v. *Seldon*, 1 Barb. 316 ; *Sherman* v. *Clark*, 4 Nev. 138 ; *Mullen* v. *Jenning*, 1 Stock.. 192 ; *Wooden* v. *Wooden*, 2 Green Ch. 429 ; *Richard* v. *Kirkpatrick*, 52 Cal. 433 ; *Fraiser* v. *White*, 49 Md. 1 ;. *City of Council Bluffs* v. *Stewart*, 51 Iowa, 385 ; Willard Eq. Jur. 276 ; *Penn. Coal Co.* v. *Delaware, etc., Co.* 31 N. Y. 91 ; *Jerome* v. *Ross*, 7 Johns. Ch. 315.) The court will not. grant an injunction to restrain a trespass where the damages. can be adequately measured. (*T. & B. R. R. Co.* v. *R. H., etc., R. R. Co.*, 86 N. Y. 107 ; *New York Printing Establishing Co.* v. *Fitch*, 1 Paige, 97 ; *Hart* v. *Mayor, etc.*, 3 id. 412 ; *City of New York* v. *Mapes*, 6 Johns. Ch. 46 ; *Murray* v. *Knapp*, 62 Barb., 566 ; *Deklyn* v. *Davis*, Hopk. Ch. 135 ; *Strong* v. *Waterman*, 11 Paige, 607 ; *Akrill* v. *Selden*, 1 Barb.. 316 ; *Mulvaney* v. *Kennedy*, 26 Penn. 44 ; High on Injunc-

Statement of case.

tions, § 701; *Echlehart* v. *Schader*, 45 Md. 505; *Mayer* v. *Groshen*, 30 id. 436.) An injunction should not be granted for fear of a multiplicity of actions. (*Livingston* v. *Livingston*, 6 J. R. 497; *T. & B. R. R. Co.* v. *B. & H. R. R. Co.*, 86 N. Y. 107; High on Injunctions, § 700; *Hatcher* v. *Hampton*, 7 Geo. 30.) A court of equity would have no power to enforce a contract for personal services, and this is just the contract that the plaintiff asks to have enforced. (Willard's Eq. 277; *Haight* v. *Bedgely*, 11 Barb. 501; *Hamblin* v. *Dunnefred*, 2 Edw. Ch. R. 522; *Sanquirico* v. *Benedetti*, 1 Barb. 315; *Kemball* v. *Dean*, 6 Sim. 333; *Flint* v. *Brandon*, 8 Ves. 163; *South Wales R'y Co.* v. *Wythes*, 5 De G. M. & G. 880; *Fallon* v. *Railroad Co.*, 1 Dill. [C. C.] 121; *Booth* v. *Pollard*, 4 Y. & C. 61; *Pollard* v. *Clinton*, 1 K. & J. 462; *Wheatley* v. *Westminster, etc., Coal Co.*, L. R., 9 Eq. 538; *Heathcote* v. *North Stafford R'y Co.*, 20 L. J. [N. S.] 82; *Ford* v. *Jermon*, 6 Phil. [Penn.] 6; 5 Wait's Actions and Defenses, 768; *Pickering* v. *Bishop of Ely*, 2 Y. & C. 249; *Stoker* v. *Brocklebank*, 3 Mac. & G. 250; *Mair* v. *Himalaya Tea Co.*, 1 Eq. 411; *Richmond & Dubuque, etc., R. R. Co.*, 33 Iowa, 480; *Chinnock* v. *Sainsbury*, 30 Law J. Chy. [N. S.] 409; *Acker* v. *Phœnix*, 4 Paige, 305; *Beck* v. *Allison*, 56 N. Y. 367; 15 Am. Rep. 430.) Where an agreement is of such a nature that the court of equity cannot enforce specific performance of its terms, equity will not interfere. (High on Injunction, 79, § 728; *Collins* v. *Plum*, 16 Ves. 454.) An injunction should not be granted because of laches on the part of the plaintiff. (Fry on Specific Performance, § 732; *Delavan* v. *Duncan*, 40 N. Y. 485; *Taylor* v. *Longworth*, 14 Pet. 172.) The agreement, as testified to by the plaintiff, created a tenancy at will in the defendant in the lots in question. (2 N. Y. R. S. [6th ed.] 1126, § 7.)

*George A. Strong* for respondent. The case is a proper one for relief by mandatory injunction. (*Jamieson* v. *Milleman*, 3 Duer. 255; *Babcock* v. *Utter*, 1 Keyes, 403; *Corning* v. *Troy Factory*, 40 N. Y. 191, 204, 206, 219, 221; *Rothery* v.

*N. Y. Rubber Co.*, 90 id. 32 ; *Engle* v. *Owen*, 3 Duer, 17 ; *In re Prime* v. *Twenty-third St. R. R. Co.*, 1 Abb. N. C. 63, 79 ; *Calkins* v. *Bloomfield, etc. Co.*, 1 T. & C. 541, 542 ; *Delany* v. *Blizzard*, 7 Hun, 66, 67 ; *Auburn, etc. Co.* v. *Douglass*, 12 Barb. 553, 554, 559 ; *Martyr* v. *Lawrence*, 2 De G., J. & S. 266, 271 ; *Rankin* v. *Haskisson*, 4 Simons, 13 ; 6 E. Ch. Rep. 7 ; *Spencer* v. *London, etc. Ry. Co.*, 8 id. 193 ; *Robinson* v. *Lord Byron*, 1 Bro. Ch. Rep. 588 ; *Junction Ry. Co.* v. *Clarence Ry. Co.*, 1 Coll. 521 ; *Schwoerer* v. *Boylston Market*, 99 Mass. 299 ; *Karver* v. *Berry*, 44 Mich. 391 ; *Longwood, etc., R. R. Co.* v. *Baker*, 27 N. J. Eq. 170 ; *Pierce* v. *New Orleans*, 18 La. Ann. 242 ; id. 517, 526.) The judgment may also be supported upon the theory and principles of actions for specific performance. (*Countryman* v. *Deck*, 13 Abb. [N. C.] 110 ; *McLannan* v. *Jones*, 20 N.Y. 166 ; *Malius* v. *Brown*, 4 id. 403 ; *Bennett* v. *Abrams*, 41 Barb. 619 ; Story Eq. Jur. [10th ed.] § 746.) The appeal cannot succeed upon defendant's claim, that there was an adequate remedy at law. No such defense was pleaded and it was necessary to plead it. (*Truscott* v. *King*, 6 N. Y. 165 ; *Le Roy* v. *Platt*, 4 Paige, 81 ; *Jennings* v. *Whittemore*, 2 T. & C. 379 ; affirmed 58 N. Y. 675 ; *Bell* v. *Spolts*, 40 Supr. Ct. 552 ; *Beach* v. *Crain*, 2 N. Y. 97 ; 1 Addison on Torts [Banks ed.] 332.) Although plaintiff had a remedy at law for the trespass, yet, as the trespass was of a continuous nature, he had a right to come into a court of equity. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 111 ; *Story* v. *N. Y. El. R. R. Co.*, 90 id. 179.) No judgment can rest upon facts not alleged even though proved. (*Rome Ex. Bank* v. *Eames*, 4 Abb. Ct. App. Dec. 87.) A naked trespasser cannot be transformed into a tenant. (*Preston* v. *Hawley*, 101 N. Y. 591.)

FINCH, J. The findings of the trial court establish that the defendant, who was a total stranger to the plaintiff, obtained from the latter a license to place upon his unoccupied lots in the upper part of the city of New York a few rocks for a

short time, the indefiniteness of the period having been rendered definite by the defendant's assurance that he would remove them in the spring. Nothing was paid or asked for this permission and it was not a contract in any just sense of the term, but merely a license which by its terms expired in the next spring. During the winter, and in the absence and without the knowledge of plaintiff, the defendant covered six of the lots of plaintiff with "huge quantities of rock," some of them ten or fifteen feet long, and piled to the height of fourteen to eighteen feet. This conduct was a clear abuse of the license and in excess of its terms, and so much so that if permission had been sought upon a truthful statement of the intention it would undoubtedly have been refused. In the spring the plaintiff, discovering the abuse of his permission, complained bitterly of defendant's conduct and ordered him to remove the rocks to some other locality. The defendant promised to do so but did not, and in the face of repeated demands has neglected and omitted to remove the rocks from the land.

The court found as matter of law from these facts that the original permission given did not justify what was done either is at respected the quantity of rock or the time allowed; that after the withdrawal of the permission in the spring and the demand for the removal of the rock the defendant was a trespasser, and the trespass was a continuing one which entitled plaintiff to equitable relief; and awarded judgment requiring defendant to remove the rocks before March 15, 1886, unless for good cause shown the time for such removal should be extended by the court. The sole question upon this appeal is whether the relief granted was within the power of the court, and the contention of the defendant is mainly based upon the proposition that the equitable relief was improper since there was an adequate remedy at law. The plaintiff objects that no such defense was pleaded. If it arises upon the facts stated in the complaint, it can scarcely be said to be new matter required to be stated in the answer, and I doubt whether under the present system of pleading

the technical objection in such case is good. It is better, therefore, to consider the defense which is interposed.

One who would justify under a license or permission must bring his acts within the terms of the license. He exceeds them at his peril. There is no equity in allowing him to strain them beyond their fair and reasonable interpretation. The finding shows permission asked for "a few stone," described as "a portion" of what defendant was getting from the boulevard. The plaintiff was justified in inferring that for the bulk of his stone the defendant had a place of deposit and only wanted additional room for a small excess, for a few stone. Under this permission defendant was not justified in covering six lots with heavy boulders to a height of fourteen to eighteen feet. The thing done was gravely and substantially in excess of the thing granted, and the license averred does not cover or excuse the act. Beyond that the permission extended only to the spring of 1880 and expired at that date. The immediate removal of the stone was then demanded, and from that moment its presence upon plaintiff's lands became a trespass, for which there was no longer license or permission. Such parol license, founded upon no consideration, is revocable at pleasure, even though the licensee may have expended money on the faith of it. (*Murdock* v. *Pros. Park, & Coney I. R. R. Co.*, 73 N. Y. 579.) And this was a continuing trespass. So long as it lasted it incumbered the lots, prevented their use and occupation by the owner, and interfered with the possibility of a sale.

It is now said that the remedy was at law; that the owner could have removed the stone and then recovered of the defendant for the expense incurred. But to what locality could the owner remove them? He could not put them in the street; the defendant presumably had no vacant lands of his own on which to throw the burden; and it would follow that the owner would be obliged to hire some vacant lot or place of deposit, become responsible for the rent, and advance the cost of men and machinery to effect the removal. If any adjudication can be found throwing such burden upon the

owner, compelling him to do in advance for the trespasser what the latter is bound to do, I should very much doubt its authority. On the contrary the law is the other way. (*Beach v. Crane*, 2 N. Y. 86, 97.) And all the cases which give to the injured party successive actions for the continuance of the wrong are inconsistent with the idea that the injured party must once for all remove it. Such is neither an adequate remedy nor one which the plaintiff was bound to adopt.

But it is further said that he could sue at law for the trespass. That is undoubtedly true. The case of *Uline* v. *New York Central and Hudson River Railroad Company* (101 N. Y. 98), demonstrates upon abundant authority that in such action only the damages to its date could be recovered, and for the subsequent continuance of the trespass, new actions following on in succession would have to be maintained. But in a case like the present would that be an adequate remedy? In each action the damages could not easily be anything more than the fair rental value of the lot. It is difficult to see what other damages could be allowed, not because they would not exist, but because they would be quite uncertain in amount and possibly somewhat speculative in their character. The defendant, therefore, might pay those damages and continue his occupation, and, if there were no other adequate remedy, defiantly continue such occupation and, in spite of his wrong, make of himself, in effect, a tenant who could not be dispossessed. The wrong in every such case is a continued unlawful occupation and any remedy which does not or may not end it, is not adequate to redress the injury, or restore the injured party to his rights. On the other hand such remedy in a case like the present might result to the wrong-doer in something nearly akin to persecution. He is liable to be sued every day, *die de diem*, for the renewed damages flowing from the continuance of the trespass, and while ordinarily there is no sympathy to be wasted on a trespasser, yet such multiplicity of suits should be avoided and especially under circumstances like those before us. The rocks could not be immediately

removed. The court have observed that peculiarity of the case and shaped their judgment to give time. It may take a long time and during the whole of it the defendant would be liable to daily actions.

For reasons of this character it has very often been held that while ordinarily courts of equity will not wield their power merely to redress a trespass, yet they will interfere under peculiar circumstances, and have often done so where the trespass was a continuing one, and a multiplicity of suits at law was involved in the legal remedy. The doctrine was recognized and the authorities cited in the *Murdoch Case* (*supra*), and the rule deemed perfectly settled.

That case, and those referred to, it is true, were cases of intrusion where no consent had been given for the entry of the intruder, but whether the trespass was such from the beginning, or became one after a revocation of the license, can make no difference as it respects the adequacy of the legal remedy. That is the same in either event. Two cases of the former character were cited in the *U line Case*. (*Bowyer* v. *Cook*, 4 M. G. & S. 236; *Holmes* v. *Wilson*, 10 A. & E. 503.) In one, stumps and stakes had been left on plaintiff's land and in the other buttresses to support a road; in each an action of trespass had been brought and damages recovered and paid; and in each, after a new notice to remove the obstruction, a further action of trespass was brought and sustained. So that, as I have said, the legal remedy is identical, however the trespass originated.

It is a general rule that a court of equity will act in such cases only after the plaintiff's right has been established at law, but that rule has its exceptions. (*T. & B. R. R. Co.* v. *B. & H. T. R. R. Co.*, 86 N. Y. 128.) Where the facts are in doubt, and the right not clear, such undoubtedly would be a just basis of decision, though the modern system of trying equity cases makes the rule less important. Where, as in an intrusion by railroad companies whose occupation threatens to be continuous, the injury partakes of that character, an action at law to establish the right has not been

required. Indeed, I am inclined to deem it more a rule of discretion than of jurisdiction.

In *Avery* v. *New York Central and Hudson River Railroad Company* (106 N. Y. 142), to which we have been referred since the argument, we were disposed to sustain a mandatory injunction requiring defendant to remove so much of a fence as obstructed plaintiff's right of way, although the obstruction was not a nuisance but an invasion of a private right. In that case the equitable remedy was not challenged by either counsel or the court, and evidently stood upon the grounds here invoked; those of a continuing trespass the remedy for which at law would be inadequate, and involve repeated actions by the injured party for damages daily occurring.

These views of the case enable us to support the judgment rendered. It should be affirmed, with costs.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.