BERNHEIMER *et al. v.* MANHATTAN RY. Co.

*(Common Pleas of New York City and County, Special Term.* December, 1890.)

1. ELEVATED RAILROADS — CONSTRUCTION IN STREET — NUISANCE—ABUTTING OWNERS.
    The construction of an elevated railroad in a street, thereby infringing on the easements of abutting owners, does not render the railroad company guilty of a trespass, because incorporeal interests are not the subject of trespass, but does render it guilty of the maintenance of a nuisance.

2. SAME—INJUNCTION—DAMAGES.
    To warrant the injunction against the operation of the road as a nuisance the complaint must show a substantial injury; and, as the question in such a case is of permanent injury to the inheritance, it is proper to consider the advantages of the locality of complainants' lots for residential purposes, the effect of the railway structure in neutralizing those advantages, and the comparative value of the lots for any other purpose.

3. SAME—EVIDENCE.
    The fact that property in adjacent streets, not affected by the railroad, has doubled in value since its construction, while the value of complainants' property has only slightly increased, proves that the injury from the railroad preponderates over the benefits derived from it, and warrants the issuance of an injunction against its continued operation.

Isaac Bernheimer and another brought this action against the Manhattan Railway Company.

*Dessar & Reilly,* for plaintiffs.    *Davies, Short & Townsend,* (*E. C. James,* of counsel,) for defendant.

PRYOR, J.    The action is in equity, to enjoin the maintenance and operation of defendant's railway in the street fronting plaintiffs' premises.    The issue to be determined is whether the invasion of plaintiffs' property be so serious as to require redress by the extraordinary remedy of injunction.    The rule that to prevent multiplicity of litigation a continuing trespass, though only of nominal damage, may be restrained, (*Wheelock* v. *Noonan,* 108 N. Y. 179, 183, 15 N. E. Rep. 67,) is inapplicable to this case, because here the property infringed is an easement only, and an incorporeal interest is not the subject of trespass, (7 Lawson, Rights, Rem. & Pr. § 3659; Cooley, Torts, 440.)    The wrong inflicted upon plaintiffs by defendant is the maintenance of a nuisance, (*Uline* v. *Railroad Co.,* 101 N Y. 98, 107, 4 N. E. Rep. 536;) and it is settled law that to enjoin a nuisance complainant must show something more than nominal damage from a technical wrong, (*Campbell* v. *Seaman,* 63 N. Y. 568, 586.)    "A fanciful diminution of the value of property by a nuisance without irreparable mischief will not furnish any foundation for equitable relief."    Snell, Eq. (Eng. Ed. 1878,) 562; *Attorney General* v. *Nichol,* 16 Ves. 342.    In this case I cannot resist the conclusion that the value of plaintiffs' property is substantially diminished by the presence and operation of defendant's structures.    The principle of injury applied in *Tallman* v. *Railroad Co.,* 121 N. Y. 119, 23 N. E. Rep. 1134, is here totally inapplicable.    There the action was at law for damage to rental value; and, of course, the court held that the estimate of damage must proceed upon the basis of the then condition of the property, and that, in the computation of the actual loss of rentals, evidence of potential loss was irrelevant and inadmissible.    But in this equity suit for injunctive relief the question is of permanent injury to the inheritance, and the sum to be awarded as an alternative of the injunction is not the amount of loss plaintiffs have already sustained, but all the loss they will hereafter suffer from the appropriation of their easements to defendant's purposes.    In other words, this is an assessment of the value of private property taken for public use, and in such case the "just compensation" of the constitution requires that in determining the value of the property "due regard must be had to all the uses for which it is available, and which tend to enhance its value."    1 Hare, Const. Law, 349; *Boom Co.* v. *Patterson,* 98 U. S. 403.    It is legitimate, therefore, to consider the advantages of the locality

of plaintiffs' lots for residential purposes, the effect of defendant's railway structures in neutralizing those advantages, and the comparative value of the lots for any other practicable purpose. I am of opinion that the utility of plaintiffs' lots as a site for residence is destroyed, and that their value for any other purpose is less than their value before the railroad. Plaintiffs' evidence shows that before the railroad the lots were worth $50,000, and that now they are worth $55,000,—an increase of $5,000. Defendant's evidence shows that before the railroad the value of the lots was $26,000, and that now their value is $60,000,—an increase of $34,000. Plaintiffs' witness testifies that the railroad depreciates their property 25 per cent.; defendant's witness swears that it enhances the value of the property 25 per cent. Such an egregious discrepancy of estimate affords a striking illustration of the untrustworthiness of expert testimony. But of the two witnesses plaintiffs' seems entitled to the greater confidence, because of his larger experience, and his better opportunities of information. From the evidence I deduce that property in adjacent streets, not affected by the presence of defendant's railroad, has doubled in value since the construction of the railroad. This fact tends to prove that whatever be the benefit of the railroad to plaintiffs' property, the injury from the railroad still preponderates,—a probable conclusion, indeed, from the nature and relation of the railroad to the property. And, among others, this fact—namely, the greater increase in the value of property in neighboring streets, not affected by the presence of the railroad—essentially distinguishes the present from the *Brush Case, ante,* 908. I am of opinion that upon the whole the defendant's railway is a substantial injury to plaintiffs' property, and that accordingly an injunction should issue; but I must avow the greatest perplexity in measuring that injury by a money standard.