(25 Misc. Rep. 24.)

ENO v. CHRIST et al.

(Supreme Court, Special Term, New York County. October, 1898.)

1. CONTINUING TRESPASSES—MANDATORY INJUNCTIONS—ADEQUATE REMEDY AT LAW.

Defendants unlawfully dumped earth on plaintiff's lots, to the depth of four feet, which greatly lessened their value. To remove the earth, plaintiff would have to cart it three miles, and pay for the privilege of dumping it. *Held*, that plaintiff is entitled to a mandatory injunction for the removal of the earth, since there is no adequate remedy at law for the continuing trespasses.

2. SAME—REAL ESTATE—RIGHT OF POSSESSION—PRIMA FACIE EVIDENCE.

An entering into possession of a lot, followed by the continued control of the property by an agent, at the alleged owner's instance, to the time of the trial, is prima facie proof of plaintiff's right of possession, in an action for a mandatory injunction to compel a trespasser to remove earth placed thereon.

3. SAME—MEASURE OF DAMAGES.

The measure of damages for a continued trespass on real property is the rental value of the property during the period of the trespass.

4. VACANT CITY LOTS—EVIDENCE OF RENTAL VALUE.

The testimony of an expert witness, who had had only one experience in renting vacant city lots, which was not shown to have been with regard to a lot in the same part of the city as the one in controversy, is insufficient to show the rental value of the vacant lot in controversy.

Action by Amos F. Eno against Sebastin Christ and others for a mandatory injunction to require defendants to remove earth placed by them on plaintiff's lots, and for damages. Judgment for plaintiff.

Philbin & Beekman, for plaintiff.

T. B. Chancellor, for defendants.

BISCHOFF, J. The fact of the defendants' trespass is not disputed, and I think that there is no room for doubt as to the plaintiff's right to the mandatory injunction which he seeks. From the defendants' acts of dumping earth upon the premises the condition has resulted that these lots, which were formerly excavated to a depth of four feet below the street level, are now completely filled in to a point materially above that level,—a condition in which their value has been greatly lessened. Should the plaintiff undertake the work of removing this quantity of earth, he would be compelled to cart it for a distance of three miles, and also pay for the privilege of dumping it,—an undertaking which is obviously of no inconsiderable nature, and therefore one which he is under no obligation to these trespassers to enter upon. The case falls clearly within the authority of Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67; and, following that decision, the conclusion must be that this plaintiff had no adequate remedy at law.

The prima facie proof of the plaintiff's right of possession of the premises is apparently sufficient. A colorable title, at least, was shown, and an entering into possession, followed by the continued control of the property by the plaintiff's agent, at his instance, to the time of the trial. The circumstances support the presumption of a continued possession, in the absence of any evidence to the contrary.

While the plaintiff has shown himself entitled to equitable relief, I do not find that the evidence justifies any award of substantial pecuniary damages. The measure in such a case as this is the rental value of the property during the period of the continuing trespass (Wheelock v. Noonan, supra); damages upon any other basis being of a nature too uncertain and speculative to be allowed (Id.). Upon examination of the testimony of the plaintiff's expert, Goldstiker, it appears that he could remember but one experience which he had had in the renting of vacant lots, and it cannot be gathered from the evidence that this one transaction had to do with property similar in nature or locality to the premises in suit. His experience, so far as he had charge of applications for the sale or renting of vacant lots, is not shown to have been gained with regard to lots in this part of the city, and I cannot overlook the fact that the matter of locality is at the basis of all real-estate values, where city property is concerned. The testimony of this witness is the only evidence furnished as to the rental value of these lots, and cannot be accepted as sufficient.

There should be judgment for the plaintiff for an injunction, as prayed, with nominal damages and costs. Ordered accordingly.