920

(27 Misc. Rep. 1.)

HAHL et al. v. SUGO.

(Supreme Court, Equity Term, Erie County.    March, 1899.)

1. EQUITY—RELIEF AFTER JUDGMENT IN EJECTMENT.
    Plaintiff brought ejectment against an adjoining owner to recover land encroached on by defendant in building a house.    Judgment was entered for plaintiff, and an execution issued to the sheriff, who made a return that it was impossible for him to remove the encroachment without destroying the building.    Later, a motion to direct defendant to remove the encroaching portion of her house was denied.    *Held*, that the judgment does not estop plaintiff from seeking relief in equity.

2. EJECTMENT—ENCROACHMENTS.
    The rule that property attached to the soil follows the soil, and belongs to the successful plaintiff in ejectment, does not apply to one whose premises have been encroached on by a wall, the eaves, and the cornices of a house on the adjoining lot; and the adjoining owner cannot contend that, by surrendering the portion of the premises which encroach, and by refusing to claim title to so much of the house as stands on plaintiff's lands, she has remedied the wrong.

3. ESTOPPEL BY ELECTION.
    The doctrine of estoppel by election is not applicable to an action merely for the purpose of securing a remedy, where the original judgment failed to give the relief plaintiff was entitled to.

4. INJUNCTION—NUISANCE.
    A trespasser who has committed a nuisance in encroaching on the adjoining premises of another cannot defeat the right of the latter to a mandatory injunction, restraining the nuisance, by offering to buy the land encroached on.

Action in equity by Charles F. Hahl and others against Barbara Sugo to compel defendant to remove the portions of her house encroaching on plaintiffs' premises.    Judgment for plaintiffs.

Hammond & Hammond, for plaintiffs.
Strebel & Corey, for defendant.

HOOKER, J.    The practical question involved in this action is whether this court has the power to grant the relief to which the plaintiffs are clearly entitled under the facts as established at the trial.    The plaintiffs and defendant own adjoining lots on the west side of Monroe street, in the city of Buffalo.    In the month of April, 1895, the defendant began an excavation for the purpose of erecting a brick dwelling house upon her premises.    Before doing so she employed a surveyor, who set the stakes on the supposed line between the property of the parties to this action, and the excavation was made accordingly.    Plaintiffs notified defendant that she was encroaching upon their line, and the plaintiffs secured the services of an engineer, and caused a new survey to be made, establishing the true line.    Defendant, disregarding the notice of plaintiffs and the latest survey, continued her excavations, put in the foundation walls, and erected her house, which was completed in September, 1895.    The plaintiffs employed counsel before the walls were laid, who served written notice upon the defendant that she was encroaching upon the premises of the plaintiffs, and threatened to bring an action to restrain her; but the plaintiffs had difficulty in securing bonds, and the building was in the meantime completed.

Subsequently the plaintiffs brought an action in ejectment, and it was determined in that action that the defendant was encroaching upon the plaintiffs 16 inches, and a judgment was rendered accordingly. The action was subsequently retried, under the provisions of the statute allowing a second trial on the payment of costs, and the verdict was again in favor of the plaintiffs that defendant was encroaching 13 inches. Judgment was entered, and an execution issued to the sheriff, with proper instructions indorsed thereon, who made a return to the effect that it was impossible for him to remove the encroaching building. Later a motion was made for an order directing the defendant to remove that portion of her house which is occupying the premises of the plaintiffs, and this motion was denied. .

Under these circumstances, the plaintiffs come into court asking for relief, and the defendant urges, through her counsel, with apparent seriousness, that the plaintiffs, having previously elected to bring their action for ejectment, are estopped by the judgment in that action from seeking relief in equity. If this is the true doctrine of estoppel, then is the doctrine truly odious; for it violates that cardinal principle of equity and of law that there can be no wrong without a remedy. 1 Term R. 512. "If a man has a right, he must, it has been observed in a celebrated case, have a means to vindicate and maintain it, and a remedy, if he is injured in the exercise and enjoyment of it; and, indeed, it is a vain thing to imagine a right without a remedy, for want of right and want of remedy are reciprocal." Broom, Leg. Max. 153. Story, in his great work on Equity Jurisprudence (5th Ed. § 53), in discussing the jurisdiction, says that:

"If * * * its jurisdiction be legitimate, and founded in the very nature of remedial justice, and in the delegation of authority in all cases, where a plain, adequate, and complete remedy does not exist in any other court, to protect acknowledged rights, and to prevent acknowledged wrongs (that is, acknowledged in the municipal jurisprudence), then it is obvious that it has an expansive power, to meet new exigencies; and the sole question, applicable to jurisdiction, must from time to time be * * * whether the remedies therefor in other courts, and especially in the courts of common law, are full and adequate to redress."

In the case at bar it is apparent that the plaintiffs have a legal right, and that this right has been invaded by the defendant. It is equally apparent that a court of law, by its judgment in an action of ejectment, has not afforded the remedy to which the plaintiffs are entitled. The rule is, not that the person who is wronged is entitled to a judgment, but that he is entitled to a remedy. A judgment by which the sheriff is directed to eject an encroachment upon the premises of the plaintiffs, which judgment cannot be executed without incurring the danger of destroying the walls and the property of the defendant, is not a complete and adequate remedy, and the jurisdiction of a court of equity attaches by the very law of its being.

It is urged, however, that as the defendant has surrendered her right to that portion of the property which encroaches upon the plaintiffs, and has refused to claim title to so much of the house as

.stands upon the land of the plaintiffs, she has met the requirements; citing decisions of the courts in which it has been held that property attached to the soil followed the soil, and belonged to the successful plaintiff in actions for ejectment. But this rule was clearly never intended to apply to 'a case of this character. "It has long been the well settled and recognized rule in this state that an ejectment will lie for anything attached to the soil of which the sheriff can deliver the possession," say the court in the case of Carpenter v. Railroad Co., 24 N. Y. 655, citing Jackson v. May, 16 Johns. 184; but this rule contemplates a condition where the matter in controversy can be delivered free from any incumbrance which detracts from its value or utility. As was said in the case of Corning v. Nail Factory, 40 N. Y. 191, 206: "No man is justified in withholding property from the owner, when required to surrender it, on the ground that he does not need its use. The plaintiffs may do what they will with their own."

The plaintiffs own the land on which the defendant has constructed her building, and neither the requirements of equity nor law are met by the defendant saying that she does not own so much of the house as encroaches upon the land of the plaintiffs, and that they may do as they will with it, but that they must not disturb the walls or her portion of the house. This kind of law is all too subtle for the dealing with property rights, and can find no sanction in the jurisprudence of this state. "The very idea of justice," say the court in the case of Corning v. Nail Factory, supra, "is to give to each one his due. The use of the natural flow of the stream is the due of the plaintiffs, and to justify withholding it from them requires some better reason than loss to the wrongdoer consequent upon its restoration."

But is the judgment in the action for ejectment an estoppel? It is true, of course, that the questions which have been adjudicated between the same parties may not be again brought into controversy, but we know of no rule of law which prevents a successful party from making use of the fact judicially established in pursuing his remedy for the wrong he has suffered. The judgment, if it cannot be enforced, is not a remedy, and the estoppel extends no further than to prevent the parties reopening the controversy determined by the litigation. The plaintiffs, by invoking the aid of equity, do not reopen the controversy. They base their claim for relief upon the facts determined by a court of law, and in this they are but following the rule which at one time universally prevailed in this state, but which has since been somewhat modified. Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67.

In the case just cited, where the defendant, under a license, had occupied a vacant lot of the plaintiff to store a few stones, and had piled the lot full of huge boulders, which he neglected and refused to remove after notice to do so, it was urged that the plaintiff might sue for trespass, and that he had an adequate remedy at law. The court say:

"In each case the damages could not easily be anything more than the fair rental value of the lot. It is difficult to see what other damages could be allowed, not because they would not exist, but because they would be quite-

uncertain in amount and possibly somewhat speculative in their character. The defendant might, therefore, pay those damages and continue his occupation, and, if there were no other adequate remedy, defiantly continue such occupation, and, in spite of his wrong, make of himself, in effect, a tenant who could not be dispossessed. The wrong in every such case is a continued unlawful occupation, and any remedy which does not or may not end it is not adequate to redress the injury, or restore the injured party to his rights."

That it was never intended that a judgment in an ejectment should operate to estop the successful party in an equitable action is evidenced by the language of section 1524 of the Code of Civil Procedure, which provides that "a final judgment in an action specified in this article, rendered upon the trial of an issue of fact, is conclusive, as to the title established in the action, upon each party against whom it is rendered," etc. It is not conclusive as to the remedy of the party who is successful, but as to the title established in the action, and upon the title which the plaintiffs have established in the trial of this action depends their right to the relief of a court of equity. There are many cases where the courts refuse to act until the plaintiff has exhausted his legal remedies, and, while the rule is not strictly enforced in continuing trespasses, there is no good reason which may be suggested why a court of equity should refuse to interfere to aid in giving effect to the judgment of a court of law, where the remedy has proved ineffectual.

In Wetmore v. Wetmore, 149 N. Y. 520, 528, 44 N. E. 170, the court say:

"The Code contains statutory provisions with reference to the collection and enforcement of judgments awarding alimony. It, however, contains no provision attempting to limit or curtail the powers of a court of equity. It is the province of that court to interpose when the law fails to afford an adequate remedy. Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548. As we have seen, the plaintiff has availed herself of the remedies given by statute without success. She then brought this action, appealing to the equity powers of the court to enforce her rights."

In this case the court attached in the hands of trustees within this state funds in excess of the legitimate needs of the defendant to satisfy the judgment for alimony secured in the original action between the same parties. According to the theory of the defendant in the action at bar, the plaintiff was estopped by the judgment, but the courts did not understand the doctrine in that light, and the plaintiff was allowed to recover. In Bank v. Wetmore, supra, the court say: "The action certainly could not, as a creditors' bill, under the statute, be maintained, because recovery of a judgment, and the return unsatisfied of an execution issued upon it, are essential prerequisites for that purpose. * * * And it is founded on the doctrine that a court of equity will not take cognizance of a controversy which can be determined at law, and not until the remedy there is exhausted. Such has quite uniformly been the rule of the common law applicable to equitable jurisdictions." In Gardner v. Village of Newburgh, 2 Johns. Ch. 162, the court say: "There is no need, from what at present appears, of sending the plaintiff to law to have his title first established." This was a case demanding a mandatory injunction, and the court add: "A right to a stream of water is as sacred as a right to the soil over which it flows. It is a part of the

freehold of which no man can be disseised 'but by lawful judgment of his peers or by due process of law.' This is an ancient and fundamental maxim of common right to be found in Magna Charta, and which the legislature has incorporated into an act declaratory of the rights of the citizens of this state." In the case of Livingston v. Livingston, 6 Johns. Ch. 500, the court granted an injunction to quiet title where there had been "one action of law, in which the claim of the defendant to estovers in the lands of the plaintiff has received a decision against him, and there is another suit at law still depending, in which the same question arises." In the case of Troy & B. R. Co. v. Boston, H. T. & W. Ry. Co., 86 N. Y. 107, 128, the court refused an injunction on the ground that there was no multiplicity of suits threatened, and then adds: "Against whom will the suits be required? If against the defendant, it will be time to urge that plea when by one action the plaintiff's legal right shall have been established, and its adversary still offends. For aught that now appears, one action at law will suffice."

It seems clear, then, upon reason and authority, that the judgment in the previous action is not a bar to the present action for a remedy which shall be adequate. It is not necessary to consider at any length the discussion of the election of the plaintiffs. The doctrine of estoppel by election simply relates to inconsistent rights. No man is allowed to bring an action and assert one right, and, when defeated, to bring a new action for the same matter, asserting an inconsistent right. Herm. Estop. § 475. This has no relation to an action which is brought merely for the purpose of securing a remedy, where the original judgment falls short of the relief to which the plaintiff is in justice entitled.

Nor is this court called upon to give exhaustive discussion to the suggestion of the defendant that "he who seeks equity must do equity." The defendant, it is admitted, is a wrongdoer. She has trespassed upon the premises of the plaintiffs, and the encroachment is a nuisance. Until that nuisance is abated, the defendant can gain no equitable rights as against these plaintiffs. The right of property in the plaintiffs is absolute, and the mere fact that the defendant has offered to pay them for the property a sum of money does not give her any standing in the matter. The plaintiffs do not want to sell, and we know of no process by which they can be compelled to dispose of any part of their possessions to a private individual. "Where an injunction is asked in support of a strict legal right, the party is entitled to it if his legal right is established. Mere delay and acquiescence will not, therefore, defeat the remedy, unless it has continued so long as to defeat the right itself." Pom. Eq. Jur. § 817; Eno v. Christ, 25 Misc. Rep. 24, 54 N. Y. Supp. 400. In Pappenheim v. Railroad Co., 128 N. Y. 436, 445, 28 N. E. 519, the court, in discussing the question of injunctions, says:

"But it is enough to say that, in the cases where permanent damage is to be paid, there is a condition that a conveyance shall be made, and the defendant thus secures title to the property used. In cases where the owner wishes to actually stop the further trespass, and where the defendant has no legal right to acquire the property, such condition would not be inserted, and an injunction would issue upon the right of the owner being determined."

Henderson v. Railroad Co., 78 N. Y. 423.   See, also, Coatsworth v. Railroad Co., 156 N. Y. 451, 51 N. E. 301.

The plaintiffs are clearly entitled to a mandatory injunction, restraining the defendant from longer maintaining the nuisance complained of, and to the costs of this action.

Ordered accordingly.