## HAHL et al. v. SUGO.

(Supreme Court, Appellate Division, Fourth Department.   December 29, 1899.)

EQUITY—RELIEF AFTER JUDGMENT IN EJECTMENT.

Plaintiff brought ejectment against an adjoining owner to recover land encroached on by defendant in completing a house. Judgment was entered for plaintiff, and an execution issued to the sheriff, who made a return that it was impossible for him to remove the encroachment without destroying the building. *Held*, that since, in an action of trespass, plaintiff could only recover such damages as had been sustained at the time of the commencement of the action, to avoid a multiplicity of suits equity will take jurisdiction, and issue a mandatory injunction, requiring defendant to remove the encroachment, as the burden of so doing properly rests on him.

Appeal from equity term, Erie county.

Suit by Charles F. Hahl and others against Barbara Sugo to compel defendant to remove portions of her house encroaching on plaintiffs' premises. From a judgment in favor of plaintiffs (57 N. Y. Supp. 920), defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

Strebel & Corey, for appellant.
Hammond & Hammond, for respondents.

HARDIN, P. J.   The opinion prepared by the learned justice properly states the facts and circumstances attending the controversy arising between the parties, and his opinion fully discusses the questions of law that arose in connection with the proofs that were given at the trial. Notwithstanding the verdict in the ejectment action awards to the plaintiffs title to the premises in dispute, and the right to the possession thereof, the wrongful act of the defendant perpetrated upon the premises of the plaintiffs still continues. The defendant by the erection of a house with its wall on the land of the plaintiffs, and by maintaining the eaves of her house over and upon the land of the plaintiffs, is continuing to perpetrate a wrong to the plaintiffs. To redress that wrong would require a multiplicity of actions. To avoid a multiplicity of actions, equity takes jurisdiction. If an action of trespass was brought, the plaintiffs could only maintain damages for injuries sustained up to the time of the bringing of that action. Uline v. Railroad Co., 101 N. Y. 98, 4 N. E. 536. The former action of ejectment was brought for the purpose of settling the title to the premises, and to award to the plaintiffs possession of the 13 inches of land mentioned in the complaint in that action and in the judgment. Upon that land thus adjudged to be the plaintiffs, the defendant continues a wrong, to wit, the maintenance of her wall and eaves upon the property of the plaintiffs. It is no answer to the plaintiffs' demand to say that they can remove the wrong which has been caused by the defendant. The burden of such removal should be cast upon such defendant. The logic of the opinion found in Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67, applies to the case in hand. The foregoing views, as well as those satis-

factorily expressed in the opinion of Hooker, J., lead to the conclusion that the decree pronounced at the special term should be sustained.

Judgment affirmed, with costs. All concur.