NICANDRO RICCI *vs.* EUGENIA MATTEODO *et al.*

DECEMBER 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This cause is before us upon appeal of the respondents, under the provisions of Section 34, Chapter 339, General Laws 1923, from an interlocutory decree granting to complainant a temporary injunction.

Complainant obtained a judgment against respondents in an action of trespass and ejectment which was affirmed by this court (*Ricci* v. *Matteodo*, 53 R. I. 448) and the execution issued on said judgment was served by the sheriff by removing certain fences, gates and posts from an open strip of land found in the above-entitled action to be the property of complainant. Said barriers were thereafter replaced by the respondents; they were again removed by the sheriff who placed complainant in possession of the land; they were immediately re-erected by respondents who threatened to continue to replace them as often as they were removed. The present proceedings were brought by complainant in aid of the execution in said action and for the purpose of enjoining these continuing trespasses on his land. Upon his petition there was issued a temporary injunction restraining respondents from maintaining the said obstructions on the land and from trespassing thereon, and ordering respondents to remove from said land all fences and other property belonging to them. Failing to conform to the requirements of this injunction, respondents were found guilty of contempt and were permitted to purge themselves by removing said obstructions. The matter is now before this court upon the appeal of the respondents from said interlocutory decree.

In deciding this appeal we have also before us for consideration the papers in another cause in equity, heard before the Superior Court with the present cause, wherein these respondents were denied a temporary injunction against

this complainant to prevent his interference with or interruption of a purported easement right which they claimed in said lot. Their appeal to this court from said denial was denied and dismissed.

The rights which respondents sought in the abovementioned cause, namely, to enjoy full use of the property—as a clothes yard, as a playground for their children, as a passage to and from their dwelling and as a general recreation place—and to secure such use by maintaining a fence and gate about the property, are practically coextensive with the rights claimed by them in the trespass and ejectment action wherein respondents unsuccessfully presented a claim of title in the property. Although later, and at present, claiming only an easement, respondents seek to secure for themselves practically all benefits ordinarily incident to ownership of land, leaving complainant merely the obligations and liabilities of legal but not beneficial ownership thereof.

Complainant, on the other hand, has duly obtained a judicial determination of his title to the land and, on the facts shown, a *prima facie* right to the possession of it unobstructed by the respondents. As respondents, before the judicial determination of their claim of right to use the land in question, have repeatedly by their trespasses sought to evade the result of the trespass and ejectment action adjudging title in complainant, they cannot complain if they now face a mandatory injunction which is the only practical method, under the circumstances, by which complainant can avail himself of the rights adjudged to be his.

It has been repeatedly held that, in case of continuing trespasses, a preliminary mandatory injunction may issue: *Wheelock* v. *Noonan*, 108 N. Y. 179; *Cragg* v. *Levinson*, 238 Ill. 69; *Heyman* v. *Biggs*, 223 N. Y. 118; *Lynch* v. *Union Inst. for Savings*, 159 Mass. 306. In *Sprague* v. *Rhodes*, 4 R. I. 301, in which defendants were ordered to remove a dam and to draw down water caused by them to be raised, the court, at p. 306, said: "the granting or refusing to

grant an injunction in such cases was purely a matter within the discretion of the court, whether the question arose upon an interlocutory motion or at the final hearing of the cause. In either case, if there was no question as to the plaintiff's title, and the case required the intervention of the court, it would be granted at once." As affirming the power of the court to grant preliminary mandatory injunctions, see also: *St. Michael's Church* v. *Bohachewsky*, 48 R. I. 234; *Von Joel* v. *Hornsey*, 2 L. R. Ch. (1895) 774; *McCran* v. *Public Service Ry. Co.*, 95 N. J. Eq. 22; *Whitecar* v. *Michenor*, 37 N. J. Eq. 6.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Cunningham, Semonoff & Kelly, Judah C. Semonoff*, for complainant.

*Charles R. Easton*, for respondent.