**LUCY WEBB HAYES NATIONAL TRAINING SCHOOL FOR DEACONESSES AND MISSIONARIES, etc., Plaintiff,**

v.

**Thomas D. GEOGHEGAN, Ellen S. Geoghegan, Defendants.**

**Civ. A. 1137-67.**

United States District Court
District of Columbia.
June 28, 1967.

Thomas M. Raysor, Washington, D. C., for plaintiff.

James A. Willey, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The plaintiff's prima facie case tends to show the following facts: that defendant Ellen S. Geoghegan has been a patient for a considerable length of time at Sibley Memorial Hospital, which is maintained and operated by the plaintiff corporation. The hospital is a private hospital. Evidence has been further introduced tending to show that the hospital came to the conclusion that the patient no longer needs hospital care but can be adequately provided for at a nursing home.

After a series of negotiations on June 2nd, 1967 the president of the hospital corporation made a formal demand on the defendant Thomas Geoghegan, the husband of the other defendant, that Ellen Geoghegan, his wife, be transferred from Sibley Memorial Hospital. This demand is worded as follows: "I again request you to make arrangements for the transfer of your wife, Ellen Geoghegan, from Sibley Memorial Hospital." The mere fact that the polite word "request" is used does not detract from the tenor of the letter as a demand.

What, then, is the status of the defendant Ellen Geoghegan when her departure from the hospital has been demanded by the hospital? Manifestly she becomes a trespasser. This action is brought for an injunction to require her removal from the hospital as a trespasser. Obviously an action for damages would be an inadequate remedy.

A private hospital has a right to accept or decline any patient. It has a moral duty to reserve its accommo-dations for persons who actually need medical and hospital care and it would be a deviation from its purposes to act as a nursing home for aged persons who do not need constant medical care but who need nursing care. There are homes for the aged, there are nursing homes and similar institutions. Hospitals have a duty not to permit their facilities to be diverted to the uses for which hospitals are not intended.

The correspondence introduced in evidence shows that the male defendant takes the position that his wife should remain in the hospital for the remainder of her life. For the hospital to permit that would be to allow a diversion of its facilities to purposes for which they are not intended and would not be in the public interest. An action for damages, of course, would present no solution so far as the plaintiff is concerned because the husband is able and willing to pay whatever the hospital would charge.

It has been established for a great many years that equity will enjoin a continuing trespass or a series of repeated trespasses where an action for damages would not be an adequate remedy. There is a leading English case on that point, London & Northwestern Railway Co. v. Lancashire & Yorkshire Railway Co., Law Reports 4 Equity Cases 174, 179. The Supreme Court has approved and enforced this doctrine on many occasions, Watson v. Sutherland, 5 Wall. 74, 79, 18 L.Ed. 580; Donovan v. Pennsylvania Co., 199 U.S. 279, 304, 26 S.Ct. 91, 50 L.Ed. 192; Archer v. Greenville Sand & Gravel Co., 233 U.S. 60, 65, 34 S.Ct. 567, 58 L.Ed. 850. Various other Federal courts have applied the same doctrine, F. Burkart Mfg. Co. v. Case, 39 F.2d 5, 7, decided by the Eighth Circuit; Swan Island Club, Inc., v. Ansell, 51 F.2d 337, 339, decided by the Fourth Circuit, where Judge Chesnut stated, "It is thoroughly well established that equity does have jurisdiction to restrain repeated and continuing trespasses." City of Wheeling v. John F. Casey Co., 89 F.2d 308, 314, also a decision of

**118**

the Fourth Circuit, where Judge Parker, an eminent jurist, stated, "It is, of course, well settled that injunctive relief is proper against continuing trespass or against repeated trespasses where there is a threat of continuance and the remedy at law is inadequate or a multiplicity of suits would be avoided by the equitable remedy." The Court of Appeals of New York State in Wheelock v. Noonan, 108 N.Y. 179, 15 N.E. 67, stated, "It has very often been held that while, ordinarily, courts of equity will not wield their power merely to redress a trespass, yet they will interfere under peculiar circumstances, and have often done so where the trespass was a continuing one, and a multiplicity of suits at law was involved in the legal remedy."

This Court had occasion to consider this matter in Potomac Electric Power Co. v. Washington Chapter of the Congress of Racial Equality, 210 F.Supp. 418, 419, and stated, "It is well established that equity may enjoin continuing trespasses, repeated or irreparable injuries to property, or a course of illegitimate interference with business activities, if a remedy by an action for damages is not adequate. This is one of the traditional functions of equity."

■ It is argued by counsel for the defendants that the plaintiff has a remedy by way of an action of ejectment in this court. Such an action is a very cumbersome one and resort is had to it very rarely. It is also argued by counsel for the defendants that an action may be brought for forcible entry and detainer in the Court of General Sessions under the local statute, D.C.Code, Title 11, Section 735.[1] These considerations do not detract from the power of equity to exercise its power to grant redress by way of injunction.

It is clear that in this case the damages in an action at law would obviously be inadequate, as has already been stated.

In light of these considerations the defendants' motion to dismiss is denied.

1. Now D.C.Code, 1967, Section 16–1501 et seq.