169 N.J. Super. 22 (1979)
404 A.2d 44
JERSEY CITY MEDICAL CENTER, PLAINTIFF,
v.
LILLIAN HALSTEAD AND RICHARD HALSTEAD, AS ATTORNEY IN FACT FOR LILLIAN HALSTEAD, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided April 12, 1979.
*23 Ms. Ellen S. Delo for plaintiff (Mesrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys).
No appearance for defendants.
KENTZ, J.S.C.
A motion by plaintiff Jersey City Medical Center (JCMC) for summary judgment brings this matter before the court.
The following facts, as alleged in the complaint and the affidavits submitted in support of this motion, are not disputed by defendants. There being no genuine issues of material fact, this action is ripe for summary judgment. Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 73-75 (1954); R. 4:46-2.
Defendant Lillian Halstead (Lillian) was admitted to JCMC in June 1978 for treatment of a cardiovascular condition. By November 1978 her condition had improved to a point where JCMC's Utilization Review Committee (Committee) determined that she no longer required hospitalization but could adequately be cared for in a nursing home.
Defendant Richard Halstead is Lillian's son and has a power of attorney to handle her affairs. He was notified in November 1978 of the Committee's decision that his mother must be removed from JCMC. It appears from the record that neither defendant has taken any steps in the six months since the Committee's action to effectuate Lillian's removal from JCMC
The record also reveals that bed space in JCMC is at a premium. The supporting affidavits disclose that in recent *24 months more than 90%, and sometimes as much as 98%, of the available bed space has been occupied. By contrast, JCMC alleges that standard hospital procedure calls for an occupancy rate of not more than 85% to enable the hospital to meet emergent needs. Because of the high occupancy rate at JCMC, emergency room patients have had to wait for beds to become available, patients seeking elective surgery have had their admission deferred until beds become available, and patients have had to be placed in areas not normally appropriate for the type of care they require (e.g., surgical patients on medical care floors). The record clearly demonstrates great inconvenience and difficulty as far as the management of the hospital is concerned and a potential of serious prejudice to patients requiring hospital care.
JCMC relies heavily on Lucy Webb Hayes Nat'l Training School v. Geoghegan, 281 F. Supp. 116 (D.D.C. 1967), where the court denied defendant's motion to dismiss a complaint seeking the same relief JCMC seeks in this action: a mandatory injunction requiring the patient's removal from the hospital. Although Lucy Webb Hayes involved a private rather than public hospital, the rationale employed by that court is equally applicable here. After holding that the patient's continued presence in the hospital constituted a trespass, the court stated that
[A hospital] has a moral duty to reserve its accommodations for persons who actually need medical and hospital care and it would be a deviation from its purposes to act as a nursing home for aged persons who do not need constant medical care but who need nursing care. There are homes for the aged, there are nursing homes and similar institutions. Hospitals have a duty not to permit their facilities to be diverted to the uses for which hospitals are not intended. [at 117]
The circumstances involved in the present case provide an even more important reason for granting the relief sought by JCMC. The overcrowding which has already been discussed poses a real danger in that those patients actually in *25 need of emergency medical care might receive less than optimal care if the overcrowding persists. JCMC owes a duty to the public which it serves to take all steps necessary to insure that adequate care is available to those in need of it, and this includes the removal of patients no longer in need of medical care.
Equity will in proper cases enjoin a continuing trespass or series of trespasses if an action for damages would provide an inadequate remedy. Lucy Webb Hayes, supra, 281 F. Supp. at 117; see McCullough v. Hartpence, 141 N.J. Eq. 499, 502-503 (Ch. 1948); Brown's Mills Land Co. v. Pemberton Tp., 135 N.J. Eq. 203, 207-208 (Ch. 1944). It is clear that an action by JCMC for damages would be adequate compensation for services already rendered to Lillian but would be inadequate to remedy the damage done to JCMC's ability to carry out its public duty by her continued occupancy of bed space.
For the reasons expressed herein, JCMC's motion for summary judgment is granted.