OPINION OF THE COURT
Leon Ruchelsman, J.
This is a motion by petitioner Wyckoff Heights Medical Center seeking to enforce a discharge issued against respondent patient Luis Rodriguez. The Visiting Nurse Association of Brooklyn, another respondent in this action, refuses to provide Rodriguez with any home health care because Rodriguez has been violent, abusive, threatening and harassing to all the *208 home health attendants who treated him or attempted to treat him in the past and argues that petitioner Wyckoff has no standing to maintain this action and must continue to provide services for respondent. Respondent Rodriguez likewise opposes the discharge essentially on the grounds that he is unhappy with the health care facility, the Wartburg Nursing Home, that has agreed to accept him. Motions were submitted by both parties, arguments were heard and this court now makes the following determination.
Background
Luis Rodriguez, the respondent in this action, was admitted to the Wyckoff Heights Medical Center on March 10, 2002 following the abandonment of home care provided by the Visiting Nurse Association of Brooklyn. Mr. Rodriguez suffers from quadraparesis as well as non-insulin-dependent diabetes mellitus. The respondent was evaluated and after a determination that his medical condition stabilized and that he no longer required hospital care issued a discharge notice on March 20, 2002. The respondent appealed the basis of the discharge to the Island Peer Review Organization (IPRO), a peer organization that reviews discharge decisions concerning patients covered by Medicaid. The following day the IPRO upheld the hospital’s discharge notice finding that inpatient services were “no longer medically necessary and that an appropriate discharge plan had been established.” That determination was further supported by Dr. Nirmalk Mattoo who reviewed respondent’s medical condition on March 25, 2002 and agreed that respondent no longer required hospital care and could be discharged to an Adult Home or his own home with proper in-home care.
The respondent cannot receive in-home care since the Visiting Nurse Association of Brooklyn refuses to provide medical personnel to treat him in his home and respondent refuses to live in the Adult Homes recommended by Wyckoff. This motion followed.
Conclusions of Law
An injunction is a directive of the court requiring a person to refrain from certain behavior or in the case of mandatory injunctions demanding that a person perform certain acts (McCain v Koch, 70 NY2d 109 [1987]; Wheelock v Noonan, 108 NY 179 [1888]). While injunctions are generally temporary in nature, it is true that mandatory injunctions usually provide *209 the party with the relief sought as a final remedy (Powlowski v Wullich, 81 Misc 2d 895 [Sup Ct, Monroe County 1975]). It is for this reason mandatory injunctions are uncommon and considered a drastic remedy which should only be utilized where compelling circumstances require it (Lexington & Fortieth Corp. v Callaghan, 281 NY 526 [1939]; Medvin v Grauer, 46 AD2d 912 [2d Dept 1974]).
Thus, where a party is engaged in unlawful conduct which is continuous then a mandatory injunction is proper (Rosenthal v Heifer, 136 Misc 2d 9 [Civ Ct, NY County 1987]). Moreover, where a party acts deliberately and intentional a mandatory injunction requiring the party to cease is likewise proper (Marcus v Village of Mamaroneck, 283 NY 325 [1940]).
There are no cases in New York which squarely address the issue whether a mandatory injunction may be used to require a patient to leave a hospital following a discharge notice. However, this matter has been addressed in other jurisdictions. In New Jersey there is a recognized injunctive right to eject a hospital patient who refuses to leave following a discharge (Jersey City Med. Ctr. v Halstead, 169 NJ Super 22, 404 A2d 44 [1979]). Similarly, the right has also been identified in federal court (Lucy Webb Hayes Natl. Training School for Deaconesses & Missionaries v Goeghegan, 281 F Supp 116 [D DC 1967]). Moreover, at least one state makes a patient liable for criminal trespass for refusing to leave a hospital once directed to do so by hospital administrators or other faculty (NC Gen Stat Ann § 131E-90). These remedies are rooted in the fact that “[hjospitals have a duty not to permit their facilities to be diverted to uses for which hospitals are not intended” (Lucy Webb, supra at 117). Thus, the very utility of a hospital is in jeopardy where a patient that no longer requires services refuses to leave thereby preventing other needy patients from space and inpatient care. A remedy in damages does not suffice since it does not correct the underlying problem posed by the patient’s intransigence (Lexington, supra). This drastic remedy is demanded by the drastic conduct of the patient and the fact that no other remedy is adequate. Therefore, where a hospital complies with statutory and administrative guidelines governing the discharge of patients then a failure of the patient to comply may result in a mandatory injunction requiring such patient to leave.
A review of the relevant guidelines in New York, specifically 10 NYCRR 405.1 et seq., reveals that they were meticulously followed in this case. The respondent received written notice of *210 his discharge, such discharge was based on numerous medical examinations, was afforded the opportunity to appeal the discharge determination and in fact did so, and was consulted concerning arrangements following his release from the hospital. The fact that respondent is not satisfied with the Adult Home that has agreed to accept him is immaterial. The respondent has acted violently toward many of the employees of Adult Homes including harassing, cursing and even biting attending health care professionals. The respondent has thereby forfeited any claim to demand the specific Adult Home of his choice.
In any event it is clear that defendant’s continued presence in the Wyckoff hospital is an abuse which need not be tolerated. Therefore, based on the foregoing, a mandatory injunction ordering respondent Luis Rodriguez to leave the hospital in accordance with the discharge notice is hereby granted. The hospital may utilize appropriate means to effectuate the injunction including the request for a warrant of eviction should respondent refuse to comply with this injunction.