and in substance says that it is not likely that the defendant would have paid the plaintiff the sum specified in the receipt, if at the same time he believed that he had a just claim against the plaintiff for defective work, equalling or exceeding the amount of the balance due on the contract and then paid. The argument would have the same force if the receipt was not in the case. The fact of payment would still remain from which the same inference could have been drawn by the referee as from the written receipt. There is a strong probability that the receipt was actually introduced in evidence, and there is some ground for the claim, that the certificate to the case is not sufficient to show that it contains all the evidence, and we might, therefore, be at liberty to presume its admission in support of the finding, but we prefer to regard the variance between the finding and the proof as immaterial, and one which could not in any manner have prejudiced the defendant.

" The judgment should be affirmed, with costs."

*Charles W. Dayton* for appellant.

*L. E. Warren* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed. _____

Eliza A. Simmons, as Executrix, etc., Respondent, *v.* Helena Craig et al., Appellants.

*It seems,* if a judgment in an action is not in pursuance of the decision or is improper in form, the remedy of the party against whom the judgment has been rendered is to move to correct the judgment, and if his motion is denied and the defect or error be matter of substance, he may appeal in a proper case from the order, even to this court, for correction; he may not present the question on appeal from the judgment.

A denial in an affidavit of a party used in opposition to a motion that the affiant has any information or knowledge sufficient to form a belief as to essential facts stated in the moving affidavit, or an averment that he has no such knowledge, does not raise an issue as to those facts, but is an absolute nullity.

(Argued January 19, 1893; decided January 31, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 6, 1891, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee, an interlocutory judgment in favor of plaintiff and an order continuing and reviving the above entitled action.

The following is the opinion in full:

"This action was brought by Maria W. Croome against the defendants to procure an adjudication that they were trustees of certain property for her and to compel them to account in reference thereto. It was brought to trial at a Special Term where an interlocutory judgment was rendered, in which, among other things, the defendants were ordered to account and a referee was appointed for the purpose of the accounting. Pending the hearing before the referee Mrs. Croome died leaving a will in which Eliza A. Simmons was appointed executrix. Subsequently upon her motion she was substituted as plaintiff in the action, and the trial thereafter proceeded before the referee, and he found that there was due from the defendants to the plaintiff $6,588.19 besides interest. Upon his report final judgment was entered in favor of the plaintiff, by which it was "ordered, adjudged and decreed that said defendants Helena Craig and Daniel H. Craig, and each of them be, and they are hereby ordered and directed to forthwith, as such trustees, pay over to the plaintiff the said sum of $6,588.19 so found due plaintiff by said report, together with the sum of $755.69 costs, and the sum of $300, allowance hereby granted plaintiff, in all the sum of $7,643.88, and that plaintiff recover of the defendants Helena Craig and Daniel Craig the said sum of $7,643.88." The defendants then appealed to the General Term from the interlocutory and final judgments and from the order substituting the plaintiff and continuing the action in her name, and the judgments and order were affirmed. They then appealed to this court, and here they allege but two errors.

"(1) They say the judgment is wrong in form in that it directs payment forthwith of the amount found due the plaintiff, and also adjudges that she shall recover that amount. This objection to the judgment is frivolous. It does not

appear that such an objection was made in the court below. If the judgment be really objectionable in form an appeal therefrom is not the proper remedy. For aught we know the defendants assented to the form of the judgment or stood by at its entry making no objection thereto. If the judgment entered in an action be not in pursuance of the decision, or be improper in form, the defendant, if he has an opportunity, should object thereto and then make a motion to correct it, and if his motion be denied and the defect or error be matter of substance he may appeal, in a proper case, even to this court for its correction. But there was no possible objection to the form of the judgment. It was unnecessary to insert therein a direction to pay forthwith, and that part is without any force or effect. The adjudication that the plaintiff recover the amount found due to her was sufficient, and the judgment could only be enforced by execution. (Code of Civil Procedure, § 14, sub. div. 3; §§ 16, 1240, 1241.)

" (2) The affidavit upon which the order of revival was based showed positively that Mrs. Croome died in the state of Massachusetts on the 26th day of March, 1890, leaving a will in which Eliza A. Simmons, the present plaintiff, was appointed executrix; that the will was admitted to probate, and letters thereon issued to Mrs. Simmons, as executrix, by the Probate Court of Middlesex county, State of Massachusetts, a court of competent jurisdiction; that ancillary letters were thereafter issued to Mrs. Simmons by the surrogate of the city and county of New York, and that she duly qualified as such executrix. In opposition to the motion, an affidavit was made by the defendant, Daniel H. Craig, in which he denied that he had any information or knowledge sufficient to form a belief and alleged that he had no knowledge and information sufficient to form a belief as to the essential facts stated in the affidavit for the motion. This form of denial in an affidavit is an absolute nullity. It is authorized in the case of a pleading for the purpose of forming an issue of fact, but not in other cases. (*In the Matter of Sullivan*, 55 Hun, 285.) The want of knowledge or information was wholly immaterial. The moving affidavit stated when and where Mrs. Croome died; when and where her will was admitted to probate, and letters testamentary and

ancillary letters were granted. It would, therefore, have been quite easy for the defendant making the affidavit to ascertain the facts, and his denial that he had any knowledge or information sufficient to form a belief did not controvert the facts positively alleged in the moving affidavit. It was for the court to determine upon the hearing whether the facts were sufficiently established, and its determination could not in any event be reviewed here. If the facts had been fairly controverted, the court had the power to order a reference that they might properly be ascertained. Here the cause of action survived, and it was the absolute duty of the court under sec. 757 of the Code, to make an order continuing the action by the representatives of the original plaintiff. (Code, § 757; *Grit* v. *Campbell*, 82 N. Y. 509.)

"This appeal is without the least justification, and the judgment should be affirmed, with costs, and five per cent damages on the amount of the recovery for the delay."

*E. Haines* for appellants.

*Herbert H. Gibbs* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed, with damages as stated in opinion.

———————

The CONTINENTAL NATIONAL BANK, of Boston, *v.* HENRY W. STRAUS, Impleaded, etc., Respondent.

Argued and decided with *Continental Bank* v. *Strauss* (*ante*, page 48).

———————

JACOB HENNIG, as Administrator, etc., Respondent, *v.* DANIEL W. CALDWELL, as Receiver, etc., Appellant.

(Argued January 17, 1893; decided February 7, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 29, 1892, which affirmed a judgment in favor of