ADOLPH BOSKOWITZ, Appellant, *v.* HYMAN COHN and Others, Respondents.

First Department, July 1, 1921.

**Landlord and tenant — action for injunction to restrain tenants from permitting sublessees to continue in possession — provision against subletting without consent of landlord — waiver not defense — fact that landlord would not suffer irreparable damages not defense — relief not dependent upon absence of adequate remedy at law — landlord entitled to mandatory injunction pendente lite ousting sublessees — evidence establishing irreparable damage entitling landlord to relief.**

In an action by a landlord for an injunction restraining his tenants from permitting sublessees to continue to occupy certain portions of the premises and from in any manner subletting the premises or any parts thereof without the written consent of the landlord, the landlord is entitled to a mandatory injunction *pendente lite* summarily removing the sublessees from the property, where it appears that the lease contained a covenant prohibiting the tenants from subletting any portion of the premises without the written consent of the landlord and that the landlord did not consent in writing or otherwise to the subletting of a portion of the premises but did in fact refuse such consent when application was made therefor.

The contention by the defendants that the landlord was not entitled to temporary relief because he had suffered a previous subletting and for several months had taken no steps to enforce his rights against the present sublessees cannot prevail, since the landlord unequivocally denies any knowledge of any previous subletting or any waiver of his rights as to the present sublessees, and, moreover, the lease expressly provides that any waiver of a breach shall not affect the rights of the landlord as to any subsequent breach.

It was not a defense to the application for said mandatory injunction *pendente lite* that the landlord would not suffer irreparable damages by continuance of the tenancy of the sublessees, for the landlord is entitled to injunctive relief to restrain occupancy contrary to the express terms of the lease; such relief is in the nature of specific performance and is not dependent upon the absence of adequate remedy at law.

Furthermore, the tenants and their sublessees are not in a position to urge that the landlord will not suffer damages by reason of the subletting for they accepted the lease upon the conditions therein specified and cannot now be heard to dispute the same; the landlord is entitled to insist that his lessees obey the terms and conditions of the lease under which they hold.

The plaintiff, nevertheless, made out a *prima facie* case showing that he had suffered irreparable damage by reason of the unauthorized acts of the defendants in subletting the premises, and is entitled to relief for that reason.

APPEAL by the plaintiff, Adolph Boskowitz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of April, 1921, denying plaintiff's motion for an injunction *pendente lite*.

*Alfred L. Rose* of counsel [*Rose & Paskus*, attorneys], for the appellant.

*Morris M. Baker*, for the respondents.

MERRELL, J.:

This appeal is from an order of the Special Term denying plaintiff's motion for a mandatory injunction *pendente lite* summarily removing the defendants Morris Hindin and Charles Hindin from the real property of the plaintiff.

The action is brought to obtain a permanent injunction restraining the defendants Cohn from permitting the defendants Hindin to continue to occupy certain premises owned by the plaintiff and leased to the defendants Cohn, and restraining the said defendants Cohn from in any manner subletting said leased premises or any part thereof without the written consent of the plaintiff first had and obtained, and restraining said defendants from in anywise occupying said premises, except in accordance with the terms and conditions of said lease, and restraining the said defendants Hindin from occupying or continuing to occupy said premises.

The facts upon which plaintiff bases his cause of action and upon which he asks the equitable intervention of the court are as follows: The plaintiff is the owner of a ten-story loft building, situate at 704–706 Broadway, in the borough of Manhattan, city, county and State of New York. The defendants Cohn are copartners doing business under the firm name and style of H. & S. Cohn, and the defendants Morris Hindin and Charles Hindin are also copartners doing business variously under the firm names and styles of Stylart Clothing Company and Hindin Bros. On or about April 7,

1919, the plaintiff executed to the defendants Cohn a written lease of the second loft in plaintiff's said building for the term of two years and nine months, beginning May 1, 1919, and ending January 31, 1922. By the 3d clause of said lease the lessees covenanted with the said lessor not to " use nor suffer to be used, the whole or any part thereof, for any purpose other than the manufacture and sale of clothing, under the penalty of forfeiture and damages." By the 6th clause of said written lease the lessees H. & S. Cohn covenanted and agreed with the plaintiff, as lessor: " Not to assign this lease, nor to sublet the whole or any part of said premises without first obtaining the consent in writing of the lessor, under the penalty of forfeiture and damages," and by the 9th clause the said lessees covenanted and agreed " Not to use the premises or any part thereof, nor permit or suffer their use for any business other than that above particularly described."

The said lease contained the further provision:

" *Conditioned,* that * * * if there shall be any default in any of the covenants or agreements herein contained * * * this lease and the estate hereby demised shall terminate at the option of the lessor, and the lessor and his legal representatives shall have the right to re-enter the said premises, either by force or otherwise, and dispossess and remove therefrom the lessees and their legal representatives or other occupants thereof and their effects, without the said lessor giving the usual statutory notice to quit or any of the notices, or taking any of the proceedings required to be taken by the New York Code of Civil Procedure, the said lessees for themselves and their assigns hereby expressly waiving the same, and without said lessor being liable to any prosecution therefor; * * *." The lease also provided as follows: " The waiver of the breach of any condition or any license dispensing with the performance of any covenant of this agreement, shall not affect the rights of the lessor for any subsequent breach of the same or any other covenant or condition."

Notwithstanding such express conditions of the lease and the covenants therein contained, that the lessees should not sublet the demised premises or assign their lease thereof without first obtaining the consent in writing of the lessor,

in or about the month of January, 1921, the said lessees, H. & S. Cohn, sublet a part of the premises leased to them by the plaintiff to the defendants Hindin Bros. for a term of one year, commencing February 1, 1921, and ending January 31, 1922, and by virtue of such sublease the defendants Hindin took possession and occupied said leased premises. It satisfactorily appears that the defendants Cohn did not obtain any consent, written or otherwise, of the plaintiff to such subletting, and, indeed, that the plaintiff refused such consent when application therefor was made to him by said defendants Cohn. As soon as the plaintiff learned that the defendants Cohn had subleased said premises without plaintiff's consent, the plaintiff refused to accept further rentals of the demised premises, either from the defendants Cohn or their subtenants, Hindin Bros., and in April, 1921, brought the present injunction action. The plaintiff applied to the court for a mandatory injunction *pendente lite* summarily ousting the sublessees from the premises. Plaintiff's application was denied, and from the order denying the same the plaintiff has taken this appeal.

The defendants opposed plaintiff's application for a mandatory injunction *pendente lite* upon the ground that it did not appear that the plaintiff would suffer irreparable damage pending the determination of his action, and in view of the fact that the plaintiff had suffered a previous subletting of a part of the leased premises by the defendants Cohn, and for a period of three months after the defendants Hindin Bros. had taken possession under their sublease of said premises the plaintiff had taken no steps to enforce his claimed rights under said lease, that he should now be denied the temporary relief which he seeks.

I think there is no virtue in the defendants' claim in this respect. The plaintiff unequivocally denies any knowledge of any previous subletting of said premises or of any waiver of his rights with reference to the sublease to Hindin Bros. Moreover, the lease itself provided that any waiver of a breach of any condition or any license dispensing with the performance of any covenant of the lease should not affect the rights of the lessor for any subsequent breach of the same or any other covenant or condition therein contained.

I do not think the defendants should be heard to assert

the claim that the plaintiff should be denied injunctive relief merely because by a continuance of the tenancy of the sublessees he will not have suffered irreparable damage, even though plaintiff had failed to show such damage. The provision against subletting was a condition under which the lease was granted to the defendants H. & S. Cohn, and the lease was expressly conditioned that in case the lessees should make any default in the performance of any of the conditions of the lease then the lessor might re-enter the said premises, either by force or otherwise, and dispossess and remove therefrom the said lessees without recourse to the usual statutory notices or proceedings for the removal of tenants. Inasmuch as it was made a condition of the granting of the lease to the defendants H. & S. Cohn that they should not, without the written consent of the lessor, sublet said premises or any part thereof, the plaintiff was entirely within his rights in asking the court to grant a mandatory injunction summarily ousting the sublessees. The plaintiff was entitled to injunctive relief to restrain occupancy contrary to the terms of the lease. Such relief is in the nature of specific performance and is not dependent upon the absence of adequate remedy at law. (2 Underhill Landl. & Ten. [1909] 756, 1054; *Round Lake Assn.* v. *Kellogg*, 141 N. Y. 348.) While plaintiff might have taken summary dispossess proceedings or brought ejectment for breach of the conditions of the lease, he did neither, as he evidently did not desire to terminate the lease to the defendants Cohn, and in his prayer for relief in the complaint asks that the defendants Cohn be restrained only from acts violative of the conditions of the lease.

I think it does not lie in the mouths of the defendants to urge that the plaintiff will not suffer damages by reason of the subletting. The plaintiff was the owner of the premises and he had a perfect right to impose such conditions as he saw fit under which he would grant a lease of the premises to the defendants H. & S. Cohn. They accepted said lease upon the conditions therein specified and cannot now be heard to dispute the same. (*Weil* v. *Abrahams*, 53 App. Div. 316.) This is not a question as to whether the plaintiff has or has not an adequate remedy at law. He is entitled to insist that his lessees obey the terms and conditions of the

lease under which they hold. (*Chautauqua Assembly* v. *Alling*, 46 Hun, 582; *Liebmann's Sons Brewing Co.* v. *Lauter*, 73 App. Div. 183.) The plaintiff, nevertheless, did make out a *prima facie* case upon the trial, showing that he had suffered irreparable damage by reason of the unauthorized acts of the defendants Cohn in subletting said premises, and is entitled to relief for that reason.

It is apparent under the present condition of the calendars in New York county that, unless the plaintiff can obtain the relief by way of mandatory injunction *pendente lite* removing the sublessees of said premises, he will be denied any relief in this action as the lease of Hindin Bros. expires in January next.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for a mandatory injunction *pendente lite* be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.