GEORGE D. BRIGGS, Respondent, *v.* CITY OF NORTH TONAWANDA, Appellant.

Fourth Department, June 30, 1925.

Municipal corporations — action to recover damages for injuries to motor truck caused by collision with low bridge over street — accumulated snow and ice in street decreased distance between crown of street and bridge sufficient to cause collision — action brought both on theory of negligence and nuisance — instructions — error to refuse to charge on theory of negligence that there was no evidence that snow or ice existed for length of time sufficient to charge city with notice — notice to city is necessary to charge negligence — on theory of nuisance notice is not necessary — whether nuisance existed is question of fact — if it is impossible to lower crown of street, city must give adequate warning of danger.

In an action brought both on the theory of negligence and on the theory of nuisance to recover damages for injuries to plaintiff's motor truck, which, because of the accumulation of snow and ice in a street passing under a bridge caused the motor truck to strike the lower part of the bridge, in which action there was no evidence that the city had been actually notified of the existence of the snow and ice, it was error for the court to refuse to charge on the theory of negligence that there was no evidence showing that the ice or snow under the bridge had existed for such length of time as to charge the city with negligence, for on the theory of negligence notice actual or constructive must be shown.

On the theory of nuisance, it is not necessary to show that the city had notice of the accumulation of snow and ice, but it is a question of fact whether or not the underpass was a nuisance at the time of the accident.

If it was a nuisance, the city should have abated it, and if it was impossible to lower the grade of the street, which must be determined as a question of fact, the duty rested upon the city to give adequate warning by signs or otherwise of the danger and to use reasonable care in removing snow and ice, and the breach of that obligation constituted negligence.

APPEAL by the defendant, City of North Tonawanda, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 11th day of February, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of February, 1925, denying defendant's motion for a new trial made upon the minutes.

*James P. Lindsay,* for the appellant.

*Hamilton Ward* [*Harold J. Tillou* of counsel], for the respondent.

CROUCH, J.:

About 1870 the tracks of the Erie railroad were carried on a bridge over the road which is now Tremont street in North Tonawanda. In 1913 Tremont street, which had been a slag road,

was paved. The grade beneath the bridge was lowered at that time a foot and eight-tenths. The work was done pursuant to plans adopted by the city authorities. The clearance of the bridge at the crown of the road was thereafter ten feet two inches, running to ten feet six inches at the gutters.

On January 30, 1922, a loaded moving van ten feet two inches high, owned and driven by plaintiff, struck the bridge. There was ice on the street four or five inches deep. The upper four or five inches of the van were caught by the bridge. This action is for the ensuing property damage.

The learned trial judge charging the jury with reference to plaintiff's contention that the accumulated ice on the pavement was the cause or one of the causes of the accident, said that " if you find that that condition and failure to give notice of it or to remove it was one of the causes, or the cause which brought about the accident, then that would be sufficient to make out negligence in that respect."

At the request of defendant he further charged " that the fixing of the grade and space between the bridge and the surface of the street was a judicial act on the part of the city of North Tonawanda and that the city is not chargeable with negligence by reason of the construction or height of the street or lowness of the bridge    *    *    *    alone." Also, " that the city is not chargeable with negligence by reason of the height of the bridge or the lowness of it alone."

The defendant then excepted to the charge as made above with reference to the ice, and requested a charge " that there is no evidence showing that this ice or snow under the bridge had existed for such length of time as to charge the city with negligence." The request was denied and an exception taken.

We think this was error. Under the law as stated the case was treated as an action for negligence, and the failure to remove the ice or to give notice of the dangerous condition created by it became the sole cause of the accident. But before negligence could be predicated on that fact, notice to the city, actual or constructive, should have been shown. On that point there was no evidence.

The complaint is framed on two theories:

1. Negligence for failure to warn of the danger by signs or otherwise, and for failure to remove the accumulation of snow and ice.

2. Nuisance arising from the bridge and its surrounding conditions taken together.

If the action is pursued as one for negligence, notice to the city,

actual or constructive, of the defective and dangerous condition must be shown. Comparing the height of the truck with the clearance of the bridge, it seems reasonably plain that the presence of the snow and ice was the source of danger. The case seems, then, on this theory, not to differ essentially in principle from the ordinary icy sidewalk case.

If, however, the action is to be treated as one of nuisance, the nuisance, if any exists, is of defendant's own creation and so proof of notice is not necessary. On this theory, the presence of the snow and ice may not be treated as a casual and separate element, but must be considered as one of the surrounding conditions, all of which, taken together with the bridge itself, are charged as constituting a nuisance. It falls into the class of those which in their nature are not nuisances, but become so by reason of extrinsic matters. (See 20 R. C. L. 383.)

Whether the underpass at the time the street was paved and the grade lowered constituted a nuisance is not of much importance now. That it was constructed pursuant to an adopted plan would not have saved it from being such, if reasonable care would have revealed avoidable dangers. (*Stern* v. *International R. Co.,* 220 N. Y. 284.)

The question would have been one of fact. (*Sewell* v. *City of Cohoes,* 75 N. Y. 45; *McCloskey* v. *Buckley,* 223 id. 187.) Even though it was not a nuisance under traffic conditions as they then existed, it may since have become one. " Standards for determining right and wrong doing are continually changing, and what may be deemed lawful under given social conditions, may assume the character of a nuisance at another time." (20 R. C. L. 398, 399.)

So here the question whether the underpass was a nuisance as matter of fact at the time of the accident, would be for the jury. If it was, it was the duty of the city to abate it if possible, and for failure so to do it might be liable to one injured. The city says it was not possible to abate it because it had no control over the bridge which belonged to the railroad; and further because the grade could not be lowered on account of certain engineering difficulties. As to the bridge, the city's contention may be right. (*People ex rel. City of N. Y.* v. *N. Y. Railways Co.,* 217 N. Y. 310.)

Whether or not the grade could be lowered is a question of fact.

If it was not possible to remove the danger, still the duty to give adequate warning by signs or otherwise, and to use reasonable care in removing the snow and ice, remained. A breach of that duty would constitute negligence and the action would have to revert to that form.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARK, DAVIS, SEARS and TAYLOR, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to appellant to abide event.