JOHN WEIS, Appellant, *v.* LONG ISLAND RAILROAD COMPANY and the CITY OF NEW YORK, Respondents.

Second Department, April 15, 1932.

*Edward F. Keenan* [*Herbert A. O'Brien* with him on the brief], for the appellant.

*William A. Dempsey* [*Joseph F. Keany* with him on the brief], for the respondent Long Island Railroad Company.

*Charles E. Ramsgate* [*Arthur J. W. Hilly, Corporation Counsel, Robert J. Culhane* and *J. Joseph Lilly* with him on the brief], for the respondent City of New York.

DAVIS, J. In 1925 defendant Long Island Railroad Company erected an overhead structure in the borough of Queens carrying Rockaway boulevard over its tracks. This was known as " Union Concourse Bridge." In the middle of the bridge, running lengthwise, there was placed a " beam " or " stringpiece " twelve inches or more in height, designed to separate traffic going in opposite directions into two lanes, each less than ten feet in width. The plans were approved by the Transit Commission, and after construction the bridge was inspected and approved by the same authority. When the bridge was completed it became a part of the street system of the city of New York.

Apparently the bridge was opened to traffic in January, 1926. In the following June the plaintiff, a stranger to the locality, was seriously injured when an automobile in which he was riding as a passenger collided with this beam. This action to recover damages for his injuries was brought on the grounds both of nuisance and negligence.

It is not disputed that the accident occurred late at night; that the beam was of the same color as the roadway; and that there was no light or other warning indicating its presence in the highway. There is dispute concerning the adequacy of the street lights in that vicinity. On the trial the complaint was dismissed at the close of the evidence, on motion of the defendants.

It was a question of fact whether the obstruction on the bridge

constructed by the defendant railroad company constituted a nuisance, in view of the locality, the surrounding conditions, and the degree of danger which might be apprehended. (*Melker* v. *City of New York*, 190 N. Y. 481.) It was not established as a matter of proper engineering and experience that this beam was a safe and necessary construction to place in the center of the bridge, twenty feet wide, over which the traffic of a street eighty feet wide must pass, without provision in the plans for warning or lights. It cannot be said that the beam was a nuisance as a matter of law; but if the railroad company in the construction of the bridge " disregarded the dictates of ordinary prudence," then it may be determined to be a nuisance in fact. (*McCloskey* v. *Buckley,* 223 N. Y. 187, 192.) The primary purpose of streets is use by the public for travel and transportation, and the general rule is that any obstruction of a street which interferes with such use is a public nuisance. (*Callanan* v. *Gilman*, 107 N. Y. 360, 365; *O' Neill* v. *City of Port Jervis*, 253 id. 423, 428.) If this beam was a dangerous and unnecessary obstruction in the street, interfering with its safe use by the traveling public, and thereby constituted a nuisance, the approval of the railroad company's plans by the Transit Commission did not exempt the railroad company from liability in private suits for damages. (*Baltimore & Potomac R. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317; *Jones* v. *Sanitary Dist. of Chicago*, 252 Ill. 591; *City of Salem* v. *Eastern R. R. Co.*, 98 Mass. 431; *Stern* v. *International R. Co.*, 220 N. Y. 284; *Allen* v. *New York Central R. R. Co.*, 228 App. Div. 382.) After the railroad company had finished its construction, the bridge then passed out of its control, except as to the duty of maintaining the framework and abutments; and it had no duty of lighting the structure. The duty of maintenance and care of the highway then fell on the city. (Railroad Law, § 93, as amd. by Laws of 1924, chap. 481; since amd. by Laws of 1928, chap. 546; *Pugh* v. *City of Catlettsburg*, 214 Ky. 312; *McGrath* v. *Penna. R. R. Co.*, 71 Penn. Super. Ct. 1; *People ex rel. N. Y., O. & W. R. Co.* v. *Tax Comrs.*, 215 N. Y. 434.)

As to the defendant city, if a known dangerous structure existed it was its duty to remove it, or at least to give travelers reasonable warning of its condition by signs or by a light on the structure. Failure to give such warning may constitute negligence. (*Ivory* v. *Town of Deerpark*, 116 N. Y. 476; *Chisholm* v. *State*, 141 id. 246; *Briggs* v. *City of North Tonawanda*, 213 App. Div. 781; *Boyd* v. *Kansas City*, 291 Mo. 622.) As we have said, it is disputed whether there were adequate lights in the vicinity to enable travelers exercising reasonable care to observe this obstruction; and a question

of fact is presented on that subject. It was error to exclude the documentary evidence showing notice to the city of the dangerous character of the obstruction and the happening of accidents because of its presence in the street.

The judgments should be reversed on the law and a new trial granted, costs to appellant to abide the event.

LAZANSKY, P. J., KAPPER and TOMPKINS, JJ., concur; HAGARTY, J., dissents as to defendant Long Island Railroad Company, and votes to affirm as to that defendant.

Judgments reversed on the law and a new trial granted, costs to appellant to abide the event.