SAMUEL GOLDSTEIN, Respondent, v. JULIUS E. SCHICK and J. E. SCHICK & Co., INC., Appellants.— Order denying motion to amend final judgment by eliminating the direction that defendants pay a certain amount of money into court reversed on the law and the facts, without costs, and motion granted, without costs. The amendment sought by defendants related to an error of form and not to a matter of substance. It was, therefore, proper to amend and not to appeal from the judgment. (*Simmons* v. *Craig*, 137 N. Y. 550.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

REINIE HAMMERSMITH and Others, Respondents, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.— Order denying defendant's motion for a change of venue affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Hagarty, Tompkins and Davis, JJ., concur.

HARRY HANSEN, Respondent, v. CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.† — Resettled order denying defendant's motion to dismiss the complaint affirmed, with ten dollars costs and disbursements, with leave to defendant to serve an answer within ten days from the entry of the order herein. Under section 162 of the Insurance Law, authorizing the formation of " mutual marine insurance corporations " for the purpose of insuring " Against *liability* for loss or damage resulting from personal injury to any person," it is our opinion that the defendant company's policy is covered or controlled by section 109 of the Insurance Law; and we approve the views expressed by the learned Special Term justice. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Scudder and Davis, JJ., dissent and vote to reverse on the ground that marine insurance policies under sections 150 and 162 of the Insurance Law are not included within the provisions of section 109.

CELIA HART, Respondent, v. THE LONG ISLAND RAILROAD COMPANY and THE CITY OF NEW YORK, Appellants.— Order striking out separate defenses in the answers of the two defendants reversed on the law, with one bill of ten dollars costs and disbursements, and the motion denied, with ten dollars costs, on the ground that the portions of the answers struck out are proper as a matter of pleading, and that the defendants may set up a justification of the alleged obstruction and nuisance by legal authorization and thereby show that it is not a nuisance in law. The question as to whether it constitutes a nuisance in fact, or that the defendants were in any respect negligent, may be established by the plaintiff on the trial. (*Weis* v. *Long Island Railroad Co.*, 235 App. Div. 253; *John Wanamaker, New York*, v. *City of New York*, 197 id. 441; affd., 233 N. Y. 652.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

FANNIE HELFHAT and HARRY HELFHAT, Respondents, v. ANNA FRIEDMAN, Appellant, and BROOKLYN AND QUEENS TRANSIT CORPORATION, Defendant.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

RUTH M. ISER, Respondent, v. JAMES H. MOORHEAD, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.