LEXINGTON & FORTIETH CORPORATION et al., Appellants, *v.* CORNELIUS CALLAGHAN et al., Respondents, Impleaded with Another.

LEXINGTON & FORTIETH CORPORATION et al., Appellants, *v.* LEXINGTON AVENUE AND 40TH STREET, INC., Respondent.

Argued October 11, 1939; decided November 21, 1939.

*Samuel Komoroff* for appellants.

528

*William M. Kurtz* and *Robert Moers* for respondent.

LEHMAN, J. The appellant does not, upon this appeal, challenge the findings of fact or the conclusions of law contained in the formal decision after trial of the action. The attack is confined to provisions inserted in the judgment by the justice who tried the case, after the formal decision

was signed by him and entered. The appeal is taken upon a bill of exceptions which in accordance with the provisions of rule 232 of the Rules of Civil Practice contains none of the evidence taken at the trial, since such evidence is not " necessary to present the questions of law which are to be raised on the appeal."

The findings of fact establish that the defendants have leased space occupied as stores on the ground floor of a building owned by the plaintiff Lexington and Fortieth Corporation and occupied as a hotel by the plaintiff Hotel Concord, Inc. The defendants under their lease are permitted to alter the stores leased to them only if the plaintiffs give consent in writing and if the defendants comply, in other respects, with conditions set forth in the lease. In July, 1937, the defendants, " without objection from and with the knowledge and consent of the plaintiffs," altered the interior of the stores and in August, 1937, they altered the outside of the stores " without plaintiffs' knowledge, acquiescence, consent or permission, expressed or implied in any form whatever." There are findings, too, " that said outside changes consisting of plaster front, small windows and lack of recessed doors cheapened the character and appearance of the hotel " and " that the plaintiffs have not done or omitted to do any act or thing which would operate, either by way of waiver or estoppel, to bar them from the relief to which they are adjudged to be entitled by the conclusions of law hereinafter set forth."

The conclusions of law adjudge that " (4) plaintiffs are entitled to a permanent injunction restraining Cornelius Callaghan, Catherine Callaghan and Lexington Avenue and 40th Street, Inc., from further alterations on the said premises, except as is specifically provided for in the said lease and modification agreement.

" 5. The motion of the plaintiffs to dismiss the affirmative defenses pleaded by the defendants Cornelius Callaghan, Catherine Callaghan and Lexington Avenue and 40th Street, Inc., is granted.

"6. Plaintiffs are entitled to judgment against Cornelius Callaghan, Catherine Callaghan and Lexington Avenue and 40th Street, Inc., in accordance herewith."

An injunction restraining the defendants from "further alterations" would, it is plain, afford the plaintiffs no redress for the wrong done to them by the defendants through the changes already made which "cheapened the character and appearance of the hotel." Complete redress for that wrong would require that the plaintiffs be awarded not only a money judgment for any damages which they may have suffered, but also a mandatory injunction directing the defendants to restore the exterior of the building to its original condition. Doubtless the conclusion of law that the plaintiffs are entitled "to judgment * * * in accordance herewith" was intended to indicate that the judgment should contain provision for an appropriate mandatory injunction, but it certainly does not formulate the terms of the judgment to be entered.

The judgment as thereafter entered enjoins and restrains the defendant from making "further alterations" as provided in the conclusions of law. It then provides that "it is further Ordered, Adjudged and Decreed, that plaintiffs are entitled to a mandatory injunction against the defendants Cornelius Callaghan, Catherine Callaghan and Lexington Avenue and 40th Street, Inc., and the aforesaid defendants are directed to forthwith remove the rear door and present front as reflected in Plaintiffs' Exhibits 8 and 9, and restore the said premises, both rear and front, to their conditions existing prior to the said alterations herein complained of, as reflected in Plaintiffs' Exhibit 3, and as indicated in Plaintiffs' Exhibit 7, prior to the time one of the rear windows was broken through, provided nevertheless that in lieu of such immediate removal and restoration, the said defendants, within ten days after service of a copy of this order and notice of entry, may post in escrow with the attorney for the plaintiffs a good and sufficient bond in the penalty of $2,500 conditioned upon restoration of the premises, at the expiration of its lease to their original

state." The plaintiffs now urge that under the findings and conclusions of law contained in the decision, no judgment could be signed by the trial justice and entered, which annexed a proviso or stay, not contained in the decision, to the mandatory injunction.

A mandatory injunction is an extraordinary remedy to which a suitor has no absolute right but which may be granted or withheld by a court of equity in the exercise of its discretion. Even where the facts which would justify the grant of an extraordinary remedy are established, the court must still decide whether, in the exercise of a sound discretion, it should grant the remedy, and if granted, the terms and conditions which should be annexed to it. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464.) It may be conceded that, in this case, denial of the mandatory injunction or delay in its enforcement until the expiration of the defendants' lease, constitutes the denial of the only complete remedy which the plaintiffs could invoke for wrong done and the only complete protection from injury caused by continuance of the wrong. Even so, the court must weigh conflicting considerations of benefit to the plaintiffs and harm to the defendants which would follow from the grant of the drastic remedy for which the plaintiffs ask, and all the facts and circumstances which help to show what is just and right between the parties. The record and the findings disclose circumstances which justify the exercise of the court's discretion in granting the partial relief formulated in the judgment.

We have never held that in an equity action the court may not, after decision is rendered, annex a stay or other proviso to the judgment to which a party is entitled in accordance with the conclusions of law contained in the decision. No such question is now before us, for, in this case, the conclusions of law leave open for subsequent determination the provisions to be inserted in the judgment thereafter entered. There is no formulation of any provision for immediate restoration of the building. Indeed, in the plaintiffs' proposed conclusions of law they asked

the court to decide not that they were entitled to a judgment directing immediate restoration, but " that plaintiffs are entitled to judgment against the defendants for the sum of $1,107, representing the cost of restoring the demised premises as hereinabove set forth, besides costs and disbursements."

In each action the judgment should be affirmed, with costs, and the appeal from the order denying the motion to amend the judgment dismissed, without costs.

RIPPEY, J. (dissenting). The propriety of a part of a judgment in two actions is here involved. I need not pause to set out in detail the relationships between the plaintiffs and the various parties defendant. The actions were brought by the Lexington and Fortieth Corporation as owner of a fifteen-story brick building located at the southeast corner of Lexington avenue and East Fortieth street in New York city, and The Hotel Concord, Inc., as lessee of at least the ground floor of the building, to compel the defendants immediately to restore that part of the building ·leased by the defendant Cornelius Callaghan under a lease dated July 1, 1926, and expiring October 31, 1945, to the condition it was in immediately prior to the time alterations were made. The trial court found that the defendants had put a plaster front and back on the premises which they leased " without plaintiffs' knowledge, acquiescence, consent or permission, expressed or implied in any form whatever," that the changes cheapened the character and appearance of the hotel and constituted waste and were injurious to plaintiffs. The lease contained a provision that the frontage of the premises could not be altered except upon plaintiffs' written consent. The court found that this covenant had been violated by defendants. Decision was rendered against defendants Cornelius Callaghan, Catherine Callaghan and Lexington Avenue & 40th Street, Inc., in plaintiffs' favor.

A judgment designed to carry out the findings and decision was submitted by the plaintiffs to the trial justice, but he added the following provision to the proposed judgment:

" \* \* \* provided nevertheless that in lieu of such immediate removal and restoration, the said defendants, within ten days after service of a copy of this order and notice of entry, may post in escrow with the attorney for the plaintiffs a good and sufficient bond in the penalty of $2,500 conditioned upon restoration of the premises, at the expiration of its lease to their original state." The plaintiffs moved to amend and correct the judgment by eliminating the provision inserted by the court, on the ground that it was improper in form and not in conformity with the court's opinion and decision or based on the pleadings. That motion was denied and plaintiffs appealed to the Appellate Division from the order as well as from the judgment of the court in so far as it adjudged that the defendants might post a bond conditioned upon the restoration of the premises at the expiration of the lease. The Appellate Division unanimously affirmed.

Although the decision of the court was in form in favor of the plaintiffs, the provision above quoted nullified its effect. Under the terms of the lease, express consent in writing was required before alterations could be made, and since the court found that the alterations had not been consented to, constituted waste and were injurious to plaintiffs, the plaintiffs were entitled to have them removed *immediately* and were not required to wait until the expiration of their lease in 1945. The plaintiffs were entitled to the judgment in the form submitted without the addition of the part complained of (*Agate* v. *Lowenbein*, 57 N. Y. 604).

It was said in *Simmons* v. *Craig* (137 N. Y. 550) that if the judgment entered in an action is not in conformity to the decision, the party aggrieved should object thereto and then make a motion to correct it, and if the motion is denied he may appeal, in a proper case, even to this court for its correction. This is what the appellants have done in this case. In *Goldstein* v. *Schick* (237 App. Div. 905; affd., 262 N. Y. 697) the Special Term denied the motion to amend the judgment, but the Appellate Division reversed and granted it. This court held that this was proper.

The judgments should be reversed and the matter remitted to Special Term to enter judgments upon the findings in accordance with this memorandum, with costs in all courts.

CRANE, Ch. J., HUBBS, LOUGHRAN and FINCH, JJ., concur with LEHMAN, J.; RIPPEY, J., dissents in opinion; O'BRIEN, J., taking no part.

Judgment accordingly.