ISAAC JONAS et al., Plaintiffs, v. BLANSID REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, January 11, 1943.

*Milton H. Friedman* for plaintiffs.

*I. Nathanson* for defendants.

HALLINAN, J. Some fifty-seven of the tenants occupying the modern six-story elevator apartment house, consisting of eighty-three apartments, situate at 41-11 40th street, Long Island City, N. Y., have instituted this action against their landlord and certain of its officers, directors, and managing agents to restrain them from breaching their respective leases, wherein it is provided that the landlord is to furnish steam heat during winter months without additional charge, and for incidental relief.

Plaintiffs allege, in substance, that their landlord has disregarded certain notices duly given by Federal agencies to convert its steam-generating facilities from fuel oil to coal, the penalty for which is the withholding of ration coupons and the invalidation of those already issued; that as a consequence it is inevitable that the landlord will be unable to furnish the heat provided in the leases unless it converts to coal; and that the plaintiffs and their families are, under the circumstances, in imminent danger of suffering great hardship and injury, for which they have no adequate remedy at law.

The action was commenced on the 31st day of December, 1942, and at the same time an order to show cause was served wherein it is sought to obtain, pending the trial of the action, the same relief which is prayed for in the complaint, to wit, (a) to restrain the landlord's alleged violation of the " heat " clause in the leases; (b) to direct the landlord to convert its fuel oil burning facilities to coal; and (c) to abate the rent pending conversion, and appoint a receiver pending trial and the adjudication of plaintiffs' damages.

Plaintiffs' cause of action is based upon contractual obligations contained in their leases and not upon the regulations of the Oil Administrator. I am of the opinion that this court, in the exercise of its broad equitable powers, may upon an adequate factual basis direct specific performance of covenants in leases covering the use of real property — such as the furnishing of light or heat or power to a tenant. (Cf. *Halperin* v. *McCrory Stores Corp.*, 207 App. Div. 448; affd., 239 N. Y. 547; *Columbus Spa, Inc.* v. *Star Co.*, 216 App. Div. 218; *Boskowitz* v. *Cohn*, 197 App. Div. 776; 4 Pomeroy's Equity Jurisdiction [5th ed.], § 1400, *et seq.*) It is unthinkable that persons situated as the plaintiffs are should be turned out of court merely because the present grave emergency has created *unprecedented* situations. (*Roberson* v. *Rochester Folding Box Co.*, 171 N. Y. 538, 546.) Novelty alone does not weigh against the soundness of legal principles. (*Piper* v. *Hoard*, 107 N. Y. 73, 76; *Kujek* v. *Goldman*, 150 N. Y. 176, 178.) Where Federal authorities in their effort to conserve materials necessary for the successful prosecution of the war withhold from a landlord, operating a multiple dwelling, fuel oil ration coupons after it has been duly found (1) that the steam-generating facilities can be converted to coal, and (2) that the equipment for such conversion is available, the landlord cannot escape his obligation to furnish heat through any war clauses in his leases.

The remedy of a temporary mandatory injunction, however, is a drastic one (*Lexington & Fortieth Corp.* v. *Callaghan*, 281 N. Y. 526, 531), and "may only be issued in those rare cases in which affirmative action by the defendant *pendente lite* is necessary to preserve the *status quo* until a trial and judgment." (*Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458, 462.) Such is not the case here; it was conceded on the argument that the landlord *is still furnishing* adequate steam heat and that no complaints have been filed with the health authorities for the violation of the provisions of the Sanitary Code dealing with the furnishing of heat.

Moreover, the Office of Price Administration, on December 18, 1942, wrote to the landlord in part as follows: "You are hereby notified that no fuel oil will be rationed to you, and ration coupons previously issued to you may not be used, on and after January 18th, 1943, *unless* on or before that date you obtain a certificate from your nearest War Production Board District Office that conversion materials and equipment *have not been available*, or a certificate from the O.P.A. Engineer established in that office that conversion is *impossible* in your case." (Italics mine.)

The opposing affidavit of one of the defendants states that an engineering firm has been employed to make a survey to determine the possibility of conversion with a view of taking an appeal in accordance with the letter of December 18th above referred to. It is stated that the landlord will be guided by the report of such engineering company and will convert immediately if conversion is recommended, and, if not, will take proper steps to obtain the certificate from the O.P.A. engineer referred to in the letter of December 18th to the effect that conversion is impossible; in either of which events there can be no withholding of fuel oil ration coupons. Under these circumstances, and since plaintiffs are presently being furnished with steam heat, the remedy here sought pending a trial on the merits cannot be granted. As said in *Kakalios* v. *Mesevich* (259 App. Div. 112): " The granting of a mandatory injunction *pendente lite* is justified only where the situation is unusual and where the granting of such relief is essential to maintain the *status quo* pending the trial of the action."

Moreover, the Special Term calendar of this court is up to date and the parties can obtain an early trial. If issue is not joined in time to permit the service of a note of issue placing the cause on the calendar for trial on February 1, 1943, the court will direct the acceptance of the service of a note of issue within less than the statutory time to expedite the disposition of the controversy.

The motion is denied in accordance with the foregoing.

Submit order.