MILTON ETTINGER, Landlord, *v.* CANBY CORPORATION, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, June 4, 1947.

*Maurice J. McCarthy, Jr.,* for landlord.

*John L. Flynn* for tenant.

LYMAN, J. This is a summary proceeding to evict the tenant and the subtenant from a garage now being occupied by the subtenant.

The landlord seeks to recover the premises on three grounds. The first is that the premises were sublet in violation of a covenant in the lease prohibiting such subletting without the written consent of the landlord having first been obtained.

The covenant reads: " 29th. Notwithstanding any provisions as herein contained in Paragraph 4th, the landlord grants to the tenant the right to sublet the said building, but only after first securing written permission for such subletting or assignment from the landlord, who agrees not to withhold approval of the said prospective sublessee or assignee."

The tenant notified the landlord by letter of its intention to sublet, and designated the person with whom it intended to enter into a sublease. There was no reply to this letter, which was admittedly received by the landlord and no permission, either oral or written, was given to the tenant. No question of waiver arises, as the landlord neither accepted rent from the subtenant nor did he perform any act which might constitute a waiver of his right to evict the tenant by reason of the tenant's failure to obtain the written consent required by the lease. (*Smith* v. *Rector, etc., of St. Phillip's Church,* 107 N. Y. 610.)

The courts do not favor restrictive covenants, the enforcement of which would result in a forfeiture (*Riggs* v. *Pursell,* 66 N. Y. 193), and have construed the facts, wherever possible, in favor of the tenant on the issue as to whether a subletting in fact occurred (*Presby* v. *Benjamin,* 169 N. Y. 377; *Jackson* v. *Silvernail,* 15 Johns. 278). But where the fact of subletting is clear, or admitted, and there is no ambiguity in the language of the restrictive covenant, the tenant who has violated the condition will be summarily removed. (*Boskowitz* v. *Cohn,* 197 App. Div. 776; *Symonds* v. *Hurlbut,* 208 App. Div. 147.)

Though the language of the restrictive clause is not ambiguous, it is apparently inconsistent with the absolute right granted the tenant to sublet without the approval of the landlord. To give effect, both to the restrictive provision and the provision permitting the tenant to sublet, the purpose of the restrictive covenant must be considered. In construing the clause, the entire clause must be considered, and from such consideration a conclusion reached as to what the parties intended to do or sought to accomplish. That interpretation is favored, which will make every part of the writing effective. (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239.)

The apparently inconsistent provisions contained in the clause in question can only be reconciled if it be assumed that the purpose of the restrictive clause was to give the landlord notice of the tenant's intention to sublet, so that the landlord might have an opportunity of discovering whether there was some valid reason why the prospective subtenant was objectionable. It must be further assumed that the reason why written consent was required was to obviate any question as to whether the landlord actually received the notice. With this interpretation, effect is given to the clause in its entirety and there was a compliance by the tenant with the condition when he sent the letter, which the landlord admittedly received.

There is an additional ground for holding that the tenant was justified in subletting the premises without having first obtained the written consent of the landlord. The landlord's failure to give his written consent relieved the tenant of his covenant to secure such consent (1 McAdam on Landlord and Tenant, p. 660).

The remaining questions are whether the tenant abandoned the premises and whether the tenant was under a duty to make certain repairs, which he failed to make. The evidence did not disclose any abandonment by the tenant. Without considering whether the repairs that had to be made were the obligation of the landlord or the tenant, they were of such a minor nature that the failure by the tenant to make such repairs would not be such a breach as to entitle the landlord to possession of the premises.

Judgment and final order in favor of the tenant.