Froessel, J. (dissenting).
We dissent and vote for modification.
Petitioner seeks to stay arbitration of a dispute allegedly arising out of nine identical franchise agreements. The clear, definite and appropriate language employed by the parties in these agreements and their failure to provide that consent might not be unreasonably withheld, as well as the special nature of the agreements, conferred upon petitioner the right to withhold its consent to their assignment (Allhusen v. Caristo Constr. Corp., 303 N. Y. 446; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395; Boskowitz v. Cohn, 197 App. Div. 776; *735 Ogden v. Riverview Holding Corp., 134 Misc. 149, affd. 226 App. Div. 882; Glauberman v. University Place Apts., 188 Misc 2d 277, affd. 272 App. Div. 758, motion for leave to appeal dismd. 297 N. Y. 587; Nassau Hotel Co. v. Barnett & Barse Corp., 212 N. Y. 568, affg. 162 App. Div. 381; see, also, Weisner v. 791 Park Ave. Corp., 6 N Y 2d 426). The rule of good faith (Simon v. Etgen, 213 N. Y. 589) has no application here whatever.
Accordingly, so much of the dispute as relates to damages allegedly accruing by reason of the arbitrary withholding of consent to the assignments is not arbitrable (Alpert v. Admiration Knitwear Co., 304 N. Y. 1, 3; Matter of General Elec. Co. [United Elec. Radio & Mach. Workers], 300 N. Y. 262; Matter of Sarle [Sperry Gyroscope Co.], 4 A D 2d 638, 641-642, affd. 4 N Y 2d 917; Matter of Exercycle Corp. [Maratta], 9 NY 2d 329, 334).
The orders of the court below should be modified by granting petitioner’s application to stay arbitration insofar as it relates to the claim for damages allegedly arising out of its refusal to consent to the assignment by respondent of the franchise agreements; and except as so modified affirmed, with costs.
Order affirmed, etc.