Board of Mgrs. of the 80th at Madison Condominium v 1055 Madison Ave. Owners LLC (2026 NY Slip Op 00005)

Board of Mgrs. of the 80th at Madison Condominium v 1055 Madison Ave. Owners LLC

2026 NY Slip Op 00005

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 160134/19|Appeal No. 5497|Case No. 2025-03989|

[*1]The Board of Managers of the 80th at Madison Condominium, Appellant,
v1055 Madison Avenue Owners LLC, Respondent.

Levin & Glasser, P.C., New York (Rubin Jay Ginsberg of counsel), for appellant.
Rosenberg & Estis, PC, New York (Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered May 23, 2025, which, insofar as appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the causes of action for declaratory relief (the first, second, and third causes of action) and a permanent injunction (the fourth and seventh causes of action), and denied plaintiff's cross-motion for summary judgment on those causes of action, unanimously modified, on the law, to deny defendant's motion in its entirety; to grant plaintiff's cross-motion with respect to the third cause of action in its entirety, so much of the first cause of action as sought a declaration that defendant has no authority to alter the exterior walls of the building other than on the side where the commercial unit is located and that altering the exterior walls violated the condominium's declaration and by-laws, so much of the second cause of action as sought a declaration that defendant improperly eliminated the condominium's easement to ceiling pipes and valves and that its actions in demolishing the mezzanine and catwalks violated the condominium's declaration and the Condominium Act, and so much of the fourth cause of action as sought an injunction barring defendant from affixing any further signs to the faÇade of the building, and otherwise affirmed, without costs.
Initially, Supreme Court erred when it dismissed the first through third causes of action, all of which sought declaratory judgments, on the ground that plaintiff failed to show irreparable harm. Although some of the allegations in the first cause of action sound in injunctive relief, the prayer for relief at the end of the complaint simply seeks a declaration "that [defendant] has and had no right to make any alterations to the exterior walls of the Building . . . , and doing so was in violation of the Declaration and By-Laws." However, a cause of action for a declaratory judgment does not require a plaintiff to show irreparable harm. Because this error presents a question of law, Supreme Court's rulings on the declaratory judgment causes of action are subject to de novo review.
Moreover, we reach the merits of whether plaintiff is entitled to the declarations it seeks, as the issue presents questions of law that may be considered for the first time on appeal (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [1st Dept 2009]; see also Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 988 [1st Dept 2009]). We further note the declaratory judgment causes of action are viable regardless of whether plaintiff has adequate remedies at law (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]; Columbia Consultants, LLC v Danucht Entertainment, LLC, 222 AD3d 479, 482 [1st Dept 2023]).
With respect to the first cause of action, plaintiff is entitled to a declaration that defendant has no authority to alter the exterior walls of the building, except on the side where the commercial unit is located, and that its alteration of the exterior walls violated the declaration and by-laws of the condominium. As Supreme Court has already found in an earlier order, an alteration made to the exterior faÇade of the building does not constitute an alteration made in or to the commercial unit. Further, we reject defendant's argument that section 5.8(b)(ii) of the condominium by-laws permits defendant's alterations to the exterior walls. According to that section, a unit owner may alter a wall that benefits only the owner's unit. However, the exterior walls at the commercial unit level benefit the entire building, not just the commercial unit, as the walls, among its structural attributes affect the aesthetics of the building.
As to the second cause of action, plaintiff is entitled to a declaration that defendant improperly eliminated the condominium's easement to the ceiling pipes and valves located just below the ceiling of the commercial unit, and that its actions in demolishing the mezzanine and catwalks violated the condominium declaration and the Condominium Act (Real Property Law § 339-d et seq.). Specifically, defendant's demolition of the mezzanine and catwalks deprived the building of an easement that allowed them to reach ceiling pipes and valves that are part of the common elements of the building, thus violating article 11(a) of the condominium declaration, as well as Real Property Act § 339-k. In addition, although article 12(b) of the declaration requires defendant's alterations to comply with the law, plaintiff's expert noted in an affidavit that the removal of the mezzanine and catwalks resulted in the condominium being in continuous violation of the New York City Plumbing Code. Plaintiff's expert also noted that as a result of the destruction of the mezzanine and catwalks, a fire hose located on a wall, approximately 12 feet above the floor of the commercial unit, was rendered inaccessible in violation of the New York City Building Code. Defendant submitted no expert testimony in rebuttal.
However, plaintiff was not entitled to summary judgment on so much of the second cause of action as seeks a declaration that defendants violated the by-laws when it destroyed the mezzanine and catwalks. Although section 5.9(A) of the by-laws grants plaintiff a right of access to building units, defendant granted access to the commercial unit when plaintiff requested it.
On the third cause of action, plaintiff is entitled to a declaration that defendant and its tenants had no right to affix any signage to the exterior walls of the building without plaintiff's approval. Although article 9(d) of the declaration and section 5.7(E) of the by-laws give defendant the right to place signs on the inside of the windows and doors of the commercial unit without plaintiff's permission, defendant placed a sign on the faÇade of the building, not inside the windows and doors of the commercial unit.
As to the injunctions sought in the fourth cause of action — one mandatory and one that maintains the status quo — Supreme Court did not improvidently exercise its discretion in declining to award the "extraordinary remedy" of a mandatory injunction ordering defendant to remove the existing sign on the façade (Lexington & Fortieth Corp. v Callaghan, 281 NY 526, 531 [1939]). Defendant has incurred a great expense to install the store sign, and when it showed plaintiff the design for the sign in advance, plaintiff had no objection. In addition, there is no evidence in the record suggesting that residential unit owners have complained to board members about the appearance of the sign, nor have any unit owners complained that the sign diminishes the value of their units, or that they could not sell their units because of the sign. As a result, the balance of equities with respect to the mandatory injunction tips in favor of defendant.
However, the court should have imposed a permanent injunction barring defendant from affixing any other signs to the outside of the building. Defendant has no right to affix signs on the building's façade, and plaintiff has no adequate remedy at law because it cannot sue defendant for breach of the declaration and by-laws when no other sign has been affixed yet. In addition, with respect to the injunction, the balance of the equities is in plaintiff's favor, as defendant has not expended any money on putting up a second sign.
As to the seventh cause of action, Supreme Court did not improvidently exercise its discretion by declining to order defendant to restore the mezzanine and catwalks. This too would be extremely costly for defendant, and would be disruptive to defendant's tenants, who operate retail stores in the commercial unit. Thus, the balance of equities again tips in defendant's favor. Furthermore, the court did not improvidently exercise its discretion by declining to order defendant to restore the condominium's access to the ceiling pipes and valves (see Klostermann v Cuomo, 61 NY2d 525, 538-539 [1984]).
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026